(101 South. 53)

**WHITMAN'S FIFTH AVE. GARAGE CO. v. RICKS.  (6 Div. 94.)**

(Supreme Court of Alabama.  June 26, 1924.)

I. Municipal corporations ☞816(1)—Complaint held sufficiently to allege cause of accident.

In action for injuries to pedestrian, complaint held, when reasonably construed, sufficiently to allege that plaintiff tripped over rope by which automobile was being towed, causing injury.

**2. Damages** ⊜⟿168(2)—**Physician's testimony of plaintiff's ovarian trouble seven months after injury held properly admitted.**

Testimony of a physician that plaintiff suffered ovarian trouble, starting about seven months after the accident, which he refused to attribute to the injury, *held* properly admitted, as under the evidence the jury might have inferred connection with the accident.

**3. Municipal corporations** ⊜⟿822(5)—**Instruction properly refused as not warranted by evidence.**

An instruction to find for defendant if pedestrian, tripping over automobile tow rope stretched across sidewalk, knew of its presence and "defendant did nothing else" contributing to her injuries, was properly refused, where it was undisputed that defendant's agent signaled plaintiff to proceed, and that sudden movement of automobile drew the rope taut.

**4. Municipal corporations** ⊜⟿809(1)—**Facts held to warrant finding of negligence in tripping pedestrian with automobile towing rope stretched across sidewalk.**

Where a girl stopped close to a towing rope stretched loosely across the sidewalk from defendant's "wrecker" to a disabled car, and on signal from defendant's agents started to pass, when the rope suddenly became taut from movement of disabled car, defendant could be found guilty of negligence, since he was bound to know the situation and, in signaling plaintiff to pass, to take account of any insecurity created therein.

**5. Municipal corporations** ⊜⟿805(2)—**Care required of pedestrian seeing automobile towing rope across sidewalk.**

A 15 year old girl, seeing towing rope loosely stretched across the sidewalk from a "wrecker" to a disabled car in defendant's garage, was bound to proceed with reasonable care, but was not bound to abandon sidewalk to avoid contributory negligence in being tripped.

**6. Appeal and error** ⊜⟿1004(1)—**Damages** ⊜⟿96—**For pain and mental anguish largely discretionary; no reversal in absence of indication of passion and prejudice.**

Damages for pain and mental anguish are in large measure discretionary, and the universal rule is not to reverse unless amount is so excessive or inadequate as to indicate prejudice, passion, etc.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages by Minnie Ricks, by her next friend, Alma Ricks, against Whitman's Fifth Avenue Garage Company. Judgment for plaintiff for $1,000, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Count 3 of the complaint is as follows:

"Count 3. Plaintiff, Minnie Ricks, who is a minor suing by her next friend, Mrs. Alma Ricks, claims of the defendant, Whitman's Fifth Avenue Garage Company, a corporation, $10,000 as damages, for that heretofore on, to wit, the 15th day of April, 1922, the defendant's servants, agents, or employees, or servant or agent, whose names are to plaintiff unknown, were operating an automobile, to which was attached by a rope another automobile, and while plaintiff was walking along a public sidewalk of the city of Birmingham, Ala., adjacent to Twenty-Second street between Fifth and Sixth avenues north, on said date, the servants, agents, or employees of the defendant, or one of them, then and there acting within the line and scope of their duty as such, did so negligently operate or control the movements of said cars, or one of them, that plaintiff was thereby proximately caused to trip over the rope, which was then stretched along or over the sidewalk, where plaintiff was walking, that plaintiff fell on said sidewalk, as the result of the negligence of the said servants, or agents of the defendant, or one of them, and was injured about the head, right arm, side, knee, and other parts of the body, was injured internally, was caused to suffer, and will be caused to suffer, much physical pain and mental anguish, her right arm was sprained and bruised, and she was made sick and sore and has been caused to suffer much from said internal injuries, and still suffers from said internal injuries, all to her damages as aforesaid."

Defendant's refused charge X is as follows:

"The court charges the jury that, if they find from the evidence that the plaintiff knew of the presence of the rope across the sidewalk, and defendant did nothing else which proximately contributed to cause her injuries, you will find for defendant."

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Counsel argue for error in the rulings of the court, but without citing authorities.

Black, Harris & Foster, of Birmingham, for appellee.

Property owners, who are tradesmen, must use the sidewalk in a way consistent with reasonably free passage of travel. B. R., L. & P. Co. v. Smyer, 181 Ala. 121, 61 South. 354, 47 L. R. A. (N. S.) 597, Ann. Cas. 1915C, 863. Plaintiff, having knowledge of the obstruction, was required to use only ordinary care in approaching it. Montgomery S. R. Co. v. Smith, 146 Ala. 316, 39 South. 757; Birmingham v. Starr, 112 Ala. 98, 20 South. 424; 10 Michie's Ala. Dig. 479.

SAYRE, J. [1] This case went to the jury on the third count. Demurrer to this count was overruled, and that ruling is assigned for error. We think it a sufficient answer to the criticism visited upon this count to say that, while within the possible limits of the language employed it may be worked out that the negligence of defendant's servants or agents in causing plain-

tiff to trip over the rope was not the proximate cause of her fall upon the sidewalk, yet, reasonably construed—construed as the court and jury must have construed it, and as no doubt defendant construed it when not in a too critical mood, and thus as answering every necessary purpose of pleading—this count means that plaintiff tripped over defendant's rope, whereby she was caused to fall, and was hurt.

[2] This accident happened to plaintiff in April. Her physician was allowed to testify that she had ovarian trouble in December. For appellant it is said that the physician should not have been allowed to testify to this fact—that his testimony should have been excluded—because he would not say that plaintiff's fall had brought on this specific trouble. His testimony in reference to plaintiff's condition a few days after her fall was "There was a bruised condition of the lower abdominal organs," and "I wouldn't say my treatment of her in December was in connection with this injury, yet there were some conditions there caused by the internal organs," and "I wouldn't say it was caused by the accident, yet she had some ovarian trouble which might have been caused by the injury. I wouldn't say it was. I wouldn't attempt to. I wouldn't say whether it was or not." Afterwards plaintiff testified that in December "the pain was in the same place." Plaintiff suffered other injuries undoubtedly, but that has nothing to do with the question at issue. It may be true that the two facts, viz. plaintiff's accident in April, and her illness in December, hung together by a very slender thread, but the jury may have inferred a connection from the evidence, and the physician's testimony was therefore admitted without error.

[3, 4] Plaintiff, a girl of 15 years, was passing along the sidewalk adjacent to defendant's garage about 8 o'clock in the evening. Defendant's "wrecker," and autocar, stood at the curb; a disabled car stood just inside defendant's building. Between the two, and attached to both, was a towing rope which lay or hung loosely across the sidewalk. Defendant's agents and servants were in charge of the cars. Plaintiff's case was that she stopped as she got close to the rope, that defendant's agent, sitting in the driver's seat of the "wrecker," motioned to her to go on across, and that, just as she got astride the rope, it was suddenly drawn taut between the two cars, causing her to fall upon the sidewalk and to suffer considerable injuries.

[5] The charge, which we have marked X on the margin of the record, as a whole is open to criticism as being obscure. More specifically, it is faulty in two particulars. The evidence does not support the hypothesis that all that defendant did was to have the rope across the sidewalk. The evidence was

undisputed to the effect that defendant's agent gave plaintiff a signal to proceed, and that, while she was in the act of stepping across the rope, it was drawn taut by a movement of the disabled automobile. This fact, not denied by defendant, is accounted for as caused by the disabled car rolling back—unexpectedly, no doubt—down the grade on which it had been brought to a stop. Nor are these facts, of undisputed proof and necessary consideration, adequately taken into account by the further hypothesis of the charge, viz. "and defendant did nothing else." The brief proceeds upon the idea that, because defendant's agents at the moment did nothing to cause the disabled car to roll back, defendant could not be convicted of negligence. But this is unsound, of course, for the jury might well have found, as no doubt it did, that defendant's agents—the driver of the "wrecker" and Thomas, who stood by and superintended the operation, one or both—"did so negligently operate or control the movements of said cars, or one of them, that plaintiff was thereby proximately caused to trip over the rope," etc., as the complaint charged. It hardly requires argument to demonstrate that it was defendant's duty to know the full content of the situation created by having a rope across the sidewalk in the manner shown, and, when directing plaintiff to proceed, to take account of any insecurity brought about by that situation. In the next place, the charge is capable of construction as meaning that plaintiff, if she knew of the presence of the rope across the sidewalk, was by reason of that fact without more chargeable with contributory negligence according to defendant's special defense. If plaintiff saw the rope, it was her duty to proceed with reasonable care. Birmingham v. Starr, 112 Ala. 108, 20 South. 424. But she was not bound for that reason to abandon the sidewalk. Mobile v. Shaw, 149 Ala. 599, 43 South. 94.

The general affirmative charge, requested by defendant, was properly refused.

[6] Dealing with the motion for a new trial, we need consider only defendant's contention that the damages assessed are excessive. We cannot avoid the suspicion that the jury in this case have been rather too liberal with the money of defendant; but further than that we cannot go. Defendant assumes that much of the assessment should be charged to plaintiff's illness in December, but we do not find this to be necessarily so. Whether so or not, there is no fixed standard for the admeasurement of damages in such cases. Damages for physical pain and mental anguish are in large measure discretionary, and the universal rule is not to reverse on that account unless the amount is so excessive or inadequate as to indicate prejudice, passion, partiality, or corruption—

not an easy conclusion after the trial court has approved the verdict. Central of Georgia v. White, 175 Ala. 60, 56 South. 574. In the present case we conclude, though not without misgiving, that the assessment should be allowed to stand.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.