(126 So. 845)

# VEITCH v. SOUTHERN RY. CO.

## 2 Div. 940.

Supreme Court of Alabama.
Jan. 16, 1930.

Hobbs, Craig & Brown, of Selma, for appellant.

Clifton C. Johnston, of Marion, and Pettus & Fuller and W. E. Callen, Jr., all of Selma, for appellee.

FOSTER, J.

This is an action on the case for negligence in transporting the remains of the deceased husband of appellant from Uniontown to Birmingham. There was a verdict for plaintiff fixing her damages. Defendant moved for a new trial because the amount of the damages was excessive. The court concluded that the amount was excessive and, upon a refusal of plaintiff to remit the excess, granted the motion, and plaintiff appealed. The judge filed an opinion along with the judgment. He states that to justify a reduction in the amount of damages "it is not necessary that the amount allowed should be so excessive as to force the conclusion that the jury was influenced by bias, passion or prejudice." We think that the above statement is not altogether in harmony with our decisions.

The following statement of the rule has been approved many times by this court: "Damages for physical pain and mental anguish are in large measure discretionary, and the universal rule is not to reverse on that account unless the amount is so excessive or inadequate as to indicate *prejudice, passion, partiality,* or *corruption,*" or some other controlling sentiment. Whitman's Fifth Ave. Garage Co. v. Ricks, 211 Ala. 527, 101 So. 53,

55; L. & N. R. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874; Cent. of Ga. Rwy. Co. v. White, 175 Ala. 60, 56 So. 574; Montgomery Lt. & Traction Co. v. King, 187 Ala. 619, 65 So. 998, L. R. A. 1915F, 491, Ann. Cas. 1916B, 449; M. & O. R. Co. v. Brassell, 188 Ala. 349, 66 So. 447; Miller v. So. Bell Tel. Co., 195 Ala. 408, 70 So. 730; B'ham Water Works Co. v. Watley, 192 Ala. 520, 68 So. 330; B'ham Macaroni Co. v. Tadrick, 205 Ala. 540, 88 So. 858.

In our recent case of White v. Thorington, 219 Ala. 101, 120 So. 914, 916, this court ordered the amount reduced, and stated that it is a case "which naturally aroused the sympathy and passion of the jury."

We do not understand this rule to require that the jury must have been consciously controlled by such sentiments, or that there was any corruption in the finding. It is said in the case of Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665, 672: "No doubt the jury were overwhelmed with a feeling of horror and sympathy, and undertook to compensate him on the basis of what a sound man might be willing to undergo his injuries and endure his sufferings for. Courts, however, must deal with such cases in a practical rather than in a * * * sympathetic way." So that we take it that the rule as stated means that the jury must not be overcome by horror or sympathy, or any other sentiment. Of course, every person feels a strong sentiment of sympathy on occasions which have such appeal, but he must not be controlled by it in administering justice in court. Sympathy for a party which controls a finding is equivalent in legal effect to passion or prejudice.

We also wish to express hearty agreement with the statement of the circuit judge in this case that it is the highest duty of a trial judge to vacate an award of damages for excessive amount when—but only when—it is so excessive as to manifest *bias, passion, prejudice* or the like, when the rule which we have stated applies.

While we do not fully agree with the statement in the opinion of the trial judge that it is not necessary, in a case of this nature, to justify the granting of a new trial because the damages are excessive, to conclude that the jury was influenced by some such sentiment of bias, passion, prejudice, or the like, we have concluded that the amount of the verdict in this case was excessive to the extent that some such sentiment must have influenced the jury. This does not mean that there was corruption or a conscious violation of their duty, but that evidently the jury was swayed by sentiments of deep sympathy, which was quite natural under the circumstances, but which must not be reflected in the amount of the verdict.

We do not intend to express an opinion definitely fixing the sum named by the trial judge as the proper amount of damages to be awarded, but we only agree that the verdict as rendered was excessive to the extent of justifying the ruling of the court in granting a new trial on that account.

As the judgment of the court in granting the new trial was correct in our judgment, an affirmance is due though we do not agree with the judge in his statement of the legal principles which have application. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473.

It follows that the judgment of the circuit court should be, and it is, affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.