*139 So. 354*

### JACKSON v. RODDY.
### 6 Div. 45.

Supreme Court of Alabama.
Jan. 21, 1932.

C. J. Griffith and David J. Davis, both of Birmingham, for appellant.

R. J. McClure and Fort, Beddow & Ray, all of Birmingham, for appellee.

GARDNER, J.

Plaintiff was a passenger guest of defendant in his automobile en route to Gadsden from Birmingham, Ala., when on the Gadsden highway, between Springville and Ashville, the car overturned, resulting in injuries to plaintiff, to recover damages for which she instituted this suit, and recovered a judgment for one cent. Her motion for a new trial was granted by the trial judge upon the ground of the inadequacy of the amount awarded, and, from the judgment sustaining said motion, defendant appeals.

Plaintiff is fifty-four years of age. As a result of the accident, she remained in a hospital six weeks and confined to her bed at home eight weeks after leaving the hospital, and attended by "special nurses day and night for five weeks." There was a complete fracture of the pelvis on both sides, her wrist was broken, contusions and abrasions about the body, particularly the right side of her back and hip, lacerated wound of the scalp and left leg, and suffered much from nervous shock. She insisted in her testimony that the broken wrist, which she exhibited to the jury, was now deformed and the use of it greatly depreciated for lack of ability to grasp with the fingers.

That the question of negligent operation of the car was one for the jury's determination is not controverted. It is the settled rule that, in reviewing the action of the court in granting a new trial, the appellate courts indulge the same presumption in favor of the ruling as when the motion is denied, and will not disturb the same unless it appears that the great weight of the evidence plainly and palpably supported the verdict. Conner v. Central of Georgia Ry. Co., 221 Ala. 358, 128 So. 789; Bynum v. So. Bldg. & Loan Ass'n, 223 Ala. 392, 137 So. 21.

The damages proven are in a large measure discretionary with the jury, and the rule is not to reverse on account thereof, unless the amount is so excessive or inadequate as to indicate prejudice, passion, partiality, or corruption, or some other controlling sentiment. Whitman's Fifth Ave. Garage v. Ricks, 211 Ala. 527, 101 So. 53. But, as stated by this court in Veitch v. So. Ry. Co., 220 Ala. 436, 126 So. 845, this does not necessarily mean that it must appear there was corruption or indeed any conscious violation of duty on the jury's part. And, in Alabama Great So. Ry. Co. v. Randle, 215 Ala. 535, 112 So. 112, 113, speaking of the approved rule of discretion as to damages of this nature, the court said: "This rule does not deny that there may be cases, even of injuries not measurable by any legal standard, where the proven injuries are so severe and extensive that a court would be fully justified in setting aside a grossly inadequate verdict; that is, one which fails to give substantial compensation for substantial injuries."

The trial judge saw and heard the witnesses, and evidently concluded that the instant case came within the influence of the rule just stated; and, from our examination of the record, we are not persuaded his ruling should be here disturbed.

It is further insisted the motion for new trial should have been disallowed because not presented within thirty days after the rendition of the judgment. Section 6670, Code 1923. The purpose of the statute was for the information of the court, and to prevent a motion for new trial lying dormant and without action thereon; but we do not think any formal presentation was contemplated as essential. The statute was substantially complied with in the instant case. The judgment was entered February 9, 1931. Motion for new trial was spread upon the motion docket, of which notice was given opposing counsel February 13, 1931. On February 21, 1931, the trial judge marked on the motion docket, where this motion was entered, "Passed to March 7, 1931." This was at the suggestion of plaintiff's counsel pursuant to agreement had with one of the opposing counsel. And on March 7, 1931, the trial judge ex mero motu marked on said motion "Presented and passed the motion until March 14, 1931"; the attorney for plaintiff not being present. The motion was duly considered and granted on March 14th, and the mere fact that the entry on the motion made by the judge on March 7th, "Presented" was of his own initiative was of no consequence, for when upon plaintiff's request he entered the order of February 21, 1931, passing the same to March 7th, the motion was sufficiently called to his attention and the purpose of the statute fully met.

Nor is the suggestion of appellant that he was entitled to the affirmative charge because of a failure of proof as to venue well taken. The evidence suffices, when aided by judicial knowledge, to disclose the place of the accident in substantial agreement with the averments of the complaint. Moreover, the question was in no manner brought to the attention of the trial court, and circuit court rule 35 is sufficient answer to this insistence.

The insistence is made that the verdict was within the limitations given by the trial judge in his oral charge as to the maximum or minimum amount that could be fixed by the jury, and therefore should not be disturbed. The court correctly charged as to the law, and the jury was within its legal rights in the verdict rendered. But, in all this, there was nothing inconsistent with the exercise by the trial court of its revisory powers over the jury's action.

We find no reversible error. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.