157 So. 265

## HERMAN SAKS & SONS et al. v. IVEY.

### 6 Div. 657.

Court of Appeals of Alabama.
Oct. 30, 1934.

Beddow, Ray & Jones, of Birmingham, for appellants.

Wilkinson & Wilkinson, of Birmingham, for appellee.

SAMFORD, Justice.

Plaintiff (appellee) sued defendants (appellants) for a wrongful, unlawful, and malicious violation of a criminal statute—sections 3194, 3195, of the Code of 1928. The complaint sets out in haec verba the letter. Plaintiff alleged that the defendants mailed the certain letter to plaintiff by United States mail and that the plaintiff received it.

The record is without dispute that the letter was mailed to plaintiff, as alleged, and received by the plaintiff, as alleged.

Plaintiff claimed damages alleging she was greatly shocked, frightened, humiliated, and embarrassed, was made nervous, made sick and sore for a long period of time, and caused to suffer great mental anguish and was annoyed and inconvenienced.

The jury returned a verdict for the plaintiff for $1, whereupon plaintiff, in due time, filed a motion for a new trial and this motion was heard by the court, and by the court granted, the verdict and judgment set aside, and plaintiff granted a new trial.

The view we take of this appeal is that it falls within the class of cases, where the judgment of the trial judge should be given full consideration and every presumption indulged in its favor. The letter, made the proximate cause of the injury, is one that never ought to have been sent to any one and certainly not to one who was not indebted to the firm. The evident purpose of the letter is to frighten delinquent debtors into settlement of their accounts. A practice never countenanced by courts of justice. What effect the receipt of such a letter would have upon a delicate, refined, nervous, gentlewoman is of easy inference. The jury found that this plaintiff was injured by the letter. If so, she was entitled to substantial damages in such amount as the jury may fix, and a verdict for $1 does not amount to compensation. The least amount which could be considered would be such an amount as would carry with it the costs of the prosecution. It is an anom-

241

aly to say by a verdict, the plaintiff has been wronged, she has been injured by the wrong; she has a remedy in the courts, but she must pay the costs.

The trial judge had all the parties before him, he heard the testimony, the presumptions are in favor of his finding, and we will not disturb his judgment. Jackson v. Roddy, 224 Ala. 132, 139 So. 354.

Let the judgment be affirmed.

Affirmed.