Appellants appeal from final judgments entered upon jury verdicts, adjudging Defendants-Appellees guilty of negligence, but awarding Plaintiffs-Appellants no compensation. Plaintiffs moved for a new trial based on the inadequacy of damages. Defendants thereafter moved for entry of judgment in their favor. Both motions were denied, whereupon, Plaintiffs instituted this appeal. Defendants did not appeal.
Eddie Lee Stinson first noticed a problem with his wall heater in the fall of 1977 when the ceiling above the heater appeared smoked up or darkened. He "shut" the heater down. In December of 1978 he examined the heater to see if it could be repaired, and found a hole burned in the liner or heat chamber. He had the hole welded or brazed where he worked, and reinstalled the heater in his home. When he began using the heater, it still smoked.
On January 31, 1979, Defendant Brantley Sanders of Acme Gas Company, Inc., went to Stinson's home to work on the heater. He cleaned it, lit it, watched it burn for approximately 15 minutes and left. Prior to lighting the heater, Sanders noticed a hole about the size of a golf ball in the unit. The hole appeared to have been newly repaired.
When Stinson awoke on the morning of February 1, 1979, he found his wife and two daughters sick. All had headaches and were vomiting. His five-year old granddaughter was also sick. Later that evening, when Mr. Stinson returned home from work, he, too, became ill. Other members of the Stinson family experienced similar symptoms.
On February 2, 1979, the family was examined by Dr. Morris W. White at St. Margaret's Hospital in Montgomery. While Dr. White was unable to state in certain terms the cause of the Stinsons' illness, he stated that it could have been due to inhalation of some poisonous gas, possibly carbon monoxide. The uncontradicted testimony in the record reveals that Mr. Stinson incurred medical bills of $386.80. Additionally, Mr. Stinson missed two days of work ($3.25/hr.); and his wife was away from her job for three days ($18.00/day). We reverse and remand.
I. Appellants' Motion for a New Trial.
At the outset, we note that, while our discussion will focus on the issue as postured by the parties — that of inadequacyvel non of damages — we are inclined to characterize this as a situation where those damages awarded (i.e., none) wereinconsistent with the jury's determination as to liability.
Appellees would have us adopt what seems to be the attitude of the Federal Courts, as well as some states, in situations similar to that before us. The rationale of these cases is summarily stated in Baldwin v. Ewing, 69 Idaho 176, 180,204 P.2d 430, 432 (1949):
 "A jury is only required to find as to ultimate facts; and if it finds that plaintiff is entitled to recover, to fix the amount of recovery. If the finding is that plaintiff is not entitled to recover, the verdict should be for defendant. Where, as here, the jury finds that plaintiff is entitled to recover `$ none,' it is in fact and in law a finding for the defendant."
For other cases employing the same rationale, see Wingerter v.Maryland Casualty Company, 313 F.2d 754 (5th Cir. 1963); Josephv. Rowlen, 425 F.2d 1010 (7th Cir. 1970); Atlantic Coast LineR. Co. v. Price, 46 So.2d 481 (Fla. 1950). Thus, there is authority for the proposition that an award of no compensation to a prevailing plaintiff is, in fact, a verdict for the defendant.
We reject the holding and the reasoning of these cases. Here, the claims were grounded on theories of negligence and wantonness. Both theories were presented to the jury under appropriate instructions. The jury returned a general verdict favorable to each Plaintiff and against each Defendant, but assessed no compensation. We assume, for purposes of *Page 661 
appellate review, that the verdicts were based on the simple negligence charge alone, for which compensatory damages only were subject to recovery. Seitz v. Heep, 243 Ala. 376,10 So.2d 150 (1942). The jury's finding for each of the Plaintiffs, which is clear and unequivocal, necessarily embraced all of the elements of the tort claim, including the element of injury and resultant damages. To so find, and then award no damages, is inconsistent on its face as a matter of law.
While courts do not favor the setting aside of verdicts for damages if it can be avoided (Airheart v. Green, 267 Ala. 689,104 So.2d 687 (1958)), we deem such action here unavoidable. The verdict must be consistent and the damages awarded must be reasonably proportionate to the injury. Askin Marine Co. v.King, 22 Ala. App. 452, 116 So. 804 (1928).
It is the duty of the trial court to grant a new trial for excessive or inadequate damages where, after making all due allowances the verdict is clearly unjust. Yarbrough v. Mallory,225 Ala. 579, 144 So. 447 (1932). See, also, Jackson v. Roddy,224 Ala. 132, 139 So. 354 (1932), where the jury awarded one cent. A jury is not at liberty to wholly ignore undisputed testimony of competent witnesses and substitute its own conclusion therefor. Deal v. Johnson, 362 So.2d 214 (Ala. 1978). Again, we note that the evidence of Appellants' damages was uncontradicted.
There being no dispute as to the amount of damages suffered or the nature and extent of Plaintiff's injuries, it is the duty of an appellate court to reverse the lower court for refusal to grant a new trial if, in the opinion of the appellate court, the lower court should have granted Plaintiff's motion for a new trial. Yarbrough, supra; AetnaAccident Liability Co. v. Birmingham R.L. P. Co., 198 Ala. 72,73 So. 383 (1916); Alabama Great Southern R. Co. v. Randle,215 Ala. 535, 112 So. 112 (1927).
In Stone v. Echols, 351 So.2d 902, at 903 (Ala. 1977), Mr. Justice Almon, quoting from an earlier case, said:
 "`Where . . . the jury verdict cannot be justified upon any reasonable hypothesis presented by the evidence, it ought to be set aside upon proper proceedings as being the result of compromise or mistake, for neither the court nor jury have the right to arbitrate or compromise differences between the parties. . . .' Donavan v. Fandrich, 265 Ala. 439, 440, 92 So.2d 1, 2 (1957)."
In its award of damages a large measure of discretion is vested in the jury; and the rule is not to reverse the judgment unless the award is so excessive or inadequate as to indicate prejudice, passion, partiality, or corruption, or some other controlling sentiment; or, unless, as here, the verdict is wholly inconsistent. Bibb v. Nelson, 379 So.2d 1254 (Ala. 1980). See, also, Whitman's Fifth Ave. Garage Co. v. Ricks,211 Ala. 527, 101 So. 53 (1924). This does not necessarily mean that it must appear there was corruption or indeed any conscious violation of duty on the jury's part. Jackson, supra;Veitch v. Southern Ry. Co., 220 Ala. 436, 126 So. 845 (1930).
Our application of the above authority to the instant case compels a decision that the trial court should have afforded Appellants a new trial on the basis of the inadequacy of the award, or, as we see it, the inconsistency of the award of no damages, when such award is juxtaposed with the jury's finding of Defendants' liability. Its refusal to do so was reversible error.
 II. Appellants' Waiver of their Right to Challenge the Verdict.
Appellees strongly assert that, assuming arguendo, Appellants possessed proper grounds upon which to challenge the jury's verdict, such grounds are not properly before this Court on appeal. We disagree.
No objection to the "irregularity" or "informality" of the verdict was made by Appellants prior to the jury's being discharged. Consequently, according to Appellees, such objection cannot now be made. Fischer v. Howard, 201 Or. 426,271 P.2d 1059 (1954). While we are quick to agree *Page 662 
with the authority espoused in Fischer, supra, we find it inapplicable to the facts now before us. Appellants' asserted objection is not grounded on the "form," "irregularity," or "informality" of the verdict; rather, it is grounded on the "inadequacy" or "inconsistency" thereof. Likewise, Appellants' failure "to object" is not within the purview of Appellees' cited authority and did not constitute nonfeasance on Appellants' part. Appellants' challenge to the jury's verdict on grounds of "inadequacy" and "inconsistency" was properly made in their motion for a new trial.
The judgment, therefore, is due to be, and hereby is, reversed; and this cause is remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.