Plaintiff, Donna G. Ward, appeals from a judgment which was in her behalf but which awarded zero damages. Defendants, Diebold, Inc., and Diebold International Sales Corporation, cross-appeal. We reverse and remand for a new trial.
Plaintiff purchased an old, locked Diebold-Kienzie safe at an estate sale in Mobile, with the hope or expectation that it contained valuable items. Plaintiff contacted the local Diebold manager, Michael Hardegree, Sr., to arrange to have the safe opened.
In her complaint, plaintiff alleged fraudulent representation, breach of contract, negligence, and conversion. In her fraud count, plaintiff alleged that the defendants, fraudulently representing themselves to be experts in opening safes, negotiated with plaintiff, who believed the representations and relied upon them, agreeing to open the safe in plaintiff's presence and then to repair it and return it to her. She further alleged that defendants opened the safe without her being present, and then left it unlocked and unattended. Subsequently, she alleged, the defendants, without her consent, removed the safe to Montgomery, where unskilled personnel effected repairs and in so doing destroyed interior paintings and in other ways caused loss of the safe's antique value, all to the plaintiff's damage. The claims for breach of contract, negligence, and conversion were similar.
The case was tried to a jury. Defendants moved for a directed verdict at the close of plaintiff's case and at the close of all the evidence. These motions were denied. The jury returned the following verdict:
 "We, the Jury, find in favor of the Plaintiff and assess her damages at $0."
The trial court entered judgment upon that verdict and taxed costs against the defendants. Plaintiff's motion for a new trial, raising the issue of inconsistency of the *Page 1262 
verdict, was denied. Defendants' motion for judgment notwithstanding the verdict was also denied. Both plaintiff and defendants appealed.
We need not reach the defendants' argument on appeal, because we are convinced that the cause must be reversed due to the inconsistent verdict.
Similar instances of inconsistent verdicts have not been sanctioned, i.e., Monteleone v. Trail Pontiac, Inc.,395 So.2d 1003 (Ala.Civ.App. 1980), cert. denied, 395 So.2d 1005 (Ala. 1981) (zero damages award for plaintiff in fraud action reversed for new trial); Stinson v. Acme Propane Gas Company,391 So.2d 659 (Ala. 1980) (zero damages award in negligence and wantonness action reversed for new trial).
In this case, all the theories of plaintiff's action were submitted to the jury under proper instructions, and the jury returned a general verdict for the plaintiff. Thus, the jury's verdict, not directed to any particular claim, nevertheless embraced all of the elements of each claim, including injury or damage. As stated in Stinson, supra, at 661:
 "To so find, and then award no damages, is inconsistent on its face as a matter of law."
Defendant maintains that the trial court's action was proper because there was no evidence from which the jury could determine damages. We respectfully disagree with that conclusion under the record before us. The jury's verdict was general in form; therefore, we cannot determine that it was applicable to any particular claim. See Automotive AcceptanceCorp. v. Powell, 45 Ala. App. 596, 234 So.2d 593 (1970). The record itself contains evidence which, if believed by the jury, would have established, among other things, a breach of contract, for which nominal damages, at least, should have been awarded. Treadwell v. Tillis, 108 Ala. 262, 18 So. 886 (1896). Hence, the verdict was inconsistent when it awarded zero damages, and, accordingly, plaintiff is entitled to a new trial on all counts. See cases collected at 15A Ala. Digest New Trial
§ 60.
Let the judgment be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and HOUSTON, JJ., concur.