This appeal is from a final judgment entered upon a jury verdict in a personal injury case, in which the jury found for the plaintiff and against the defendant, and fixed damages at "none." The plaintiff moved for a new trial, arguing inadequacy of damages, and arguing that the decision *Page 1353 
of the jury as to damages was inconsistent with its determination as to liability. The trial judge denied the motion.
Whether a new trial should be granted when the jury finds for the plaintiff, but gives no award of compensation, is answered in Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala. 1980). In the Stinson case, the plaintiffs were injured by the inhalation of some poisonous gas, possibly carbon monoxide. Nominal medical expenses and lost wages were proved. The jury returned a general verdict favorable to each plaintiff and against each defendant, but assessed no compensation. This Court rejected the proposition that an award of no compensation to a prevailing plaintiff is, in fact, a verdict for the defendant, and said:
 "The jury's finding for each of the Plaintiffs, which is clear and unequivocal, necessarily embraced all of the elements of the tort claim, including the element of injury and resultant damages. To so find, and then award no damages, is inconsistent on its face as a matter of law." 391 So.2d at 661.
Geraldine F. Moore was driving her 1970 Chevrolet Impala automobile in a funeral procession in Enterprise on the afternoon of February 23, 1986, when the vehicle was struck from the rear by a 1982 Pontiac automobile driven by James Edward Clark. Mrs. Moore had no passengers in her car; Clark's wife and daughter were with him. Kenneth Shiver, a policeman for the City of Enterprise, testified that it was a sunny afternoon and that the line of cars was proceeding at approximately 15 to 20 miles per hour when the accident occurred.
Mrs. Moore subsequently sued Mr. Clark for damages for injuries allegedly sustained in the accident. Her complaint alleged that negligence on the part of the defendant caused her to suffer injury to her hands, including a fracture of her right thumb; to suffer severe physical pain and mental anguish; and to incur lost wages and hospital and medical expenses. In addition, she alleged damages to her automobile.
There is no dispute that an accident did indeed occur in which a vehicle driven by Mr. Clark ran into the rear of the vehicle driven by Mrs. Moore within a funeral procession. Although the evidence was disputed, Mrs. Moore did produce evidence of personal injury and of damage to her automobile. The jury apparently resolved the issue of injury or damage in her favor. However, that finding is inconsistent with fixing the damages as "none."
We are compelled to reverse and remand for a new trial on the authority of Clements v. Lanley Heat Processing Equipment,548 So.2d 1345 (Ala. 1989).
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, ADAMS, STEAGALL, and KENNEDY, JJ., concur.
HORNSBY, C.J., and HOUSTON, J., concur in the judgment of reversal, but dissent from the grant of an unconditional new trial.