551 So.2d 1030 (1989)
Letha THOMPSON, et al.
v.
Debra L. COOPER, et al.
87-1270.
Supreme Court of Alabama.
September 29, 1989.
Sidney W. Jackson III of Jackson & Taylor, Mobile, for appellants.
Reggie Copeland, Jr. of Barker, Janecky & Copeland, Mobile, for appellees.
JONES, Justice.
The plaintiffs, Letha and Donny Thompson, appeal from a judgment based on a jury verdict in favor of Letha Thompson for $50,000 and in favor of Donny Thompson for $0.
The issue as to the plaintiff Donny Thompson is whether the jury's verdict in his favor was inconsistent with its award of $0. Based on our recent decisions in Clements v. Lanley Heat Processing Equipment, 548 So.2d 1345 (Ala.1989); and Moore v. Clark, 548 So.2d 1352 (Ala.1989), the judgment is reversed as to Donny Thompson and the cause is remanded to the trial court for a new trial on his claim.
After a careful and thorough review of the trial record, we are of the opinion that *1031 the judgment must also be reversed as to Letha Thompson and the cause remanded for a new trial on her claim. We are keenly aware of the law's admonition that the trial court, as well as the appellate court, must accord a presumption of correctness to a jury verdict where there is some evidence, or a reasonable inference therefrom, to support the verdict, and that this presumption is strengthened when the trial court denies a motion for a new trial.
Adhering to these traditional standards of review, we nonetheless find that the damages awarded to Ms. Thompson fall far short of compensating her even for her special damagespresent and prospective. Having found the liability issue in favor of Ms. Thompson,[1] the jury was not free to assess damages in an amount less than those special damages proven by way of medical expenses and loss of earnings, that proximately resulted from the culpable conduct of the defendant. Given the liability of the defendant, the jury was duty bound to award substantial compensation, including damages for proven medical expenses and loss of earnings and earning capacity, as well as for physical pain, mental suffering, and permanent injury. McCain v. Redman Homes, Inc., 387 So.2d 809 (Ala.1980).
We hold that where, as here, the award of damages is so against the overwhelming weight of the evidence, the plaintiff's motion for a new trial based upon the inadequacy of the award is to be granted.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, J., concur.
HOUSTON, J., concurs specially.
KENNEDY, J., concurs in the result.
HOUSTON, Justice (concurring specially).
This is a proper case for additur; see my opinion concurring in part and dissenting in part in Clements v. Lanley Heat Processing Equipment, 548 So.2d 1345 (Ala.1989). I am persuaded that the verdicts were inadequate to compensate Letha and Donny Thompson. I would not affirm the judgment. Rather, I would reverse the judgment and remand the cause for a new trial against Cooper. In my opinion, however, it would be best to condition the grant of that new trial on Cooper's refusal to accept an additur of damages in an amount that would bring the award within the minimum bounds of reason as determined by this Court or, alternatively, as determined by the trial court (see Chief Justice Hornsby's opinion concurring in part and dissenting in part in Clements, supra) after a thorough review of the evidence.
NOTES
[1] The defendant admitted negligence, and the only issue submitted to the jury was the amount of damages.