AFTER REMAND
On original submission, the trial court's order denying the plaintiff's motion for new trial was remanded to permit the trial court to state its reasons for denying the motion.See Denton v. Foley Athletic Club, 578 So.2d 1314
(Ala.Civ.App. 1990).
On remand, the trial court set out its "factual reasons" for refusing to grant the new trial. There is no indication that the motion was denied because of error in the jury's award of damages; rather, most of the listed factors relate to the issue of liability, which is irrelevant here. The plaintiff appeals on the issue of damages, and we now address the merits of that appeal.
A detailed recitation of the facts was presented in our initial opinion; thus we will restate them here only briefly. The plaintiff was injured in the locker room of the Foley Athletic Club when she sat down on one end of a bench that then flipped over on top of her. The plaintiff was hospitalized for approximately six weeks for her injuries and incurred medical bills of $21,967.69, along with various other expenses related to her care and treatment.
The amount of the plaintiff's medical expenses was uncontroverted at trial. The plaintiff also offered evidence of her continued pain and suffering following the injury. The defendants raised the affirmative defenses of contributory negligence and assumption of risk, and the jury received instructions as to the effect of these defenses. The case was submitted to the jury on the issues raised by the parties. The jury returned a verdict in favor of the plaintiff but assessed the plaintiff's damages at only $1.00.
The plaintiff first argues that the trial court erred in denying her motion for new trial because the jury's verdict was clearly inconsistent.
The Alabama Supreme Court has repeatedly held that where a jury in a negligence action returns a verdict for the plaintiff but awards no damages such a verdict is inconsistent on its face as a matter of law. Thompson v. Cooper,551 So.2d 1030 (Ala. 1989) (emphasis added). See alsoClements v. Lanley Heat Processing Equipment,548 So.2d 1345 (Ala. 1989); Moore v. Clark, 548 So.2d 1352
(Ala. 1989); Stinson v. Acme Propane Co., 391 So.2d 659
(Ala. 1980); 15A Ala. Digest, New Trial, Key No. 60 (1959). Without exception, these cases have pertained to juries which find the defendant negligent without awardingany damages to the plaintiff. Such verdicts are inherently inconsistent because they seek to establish negligence even while rejecting an essential element of the negligence claim.
No such inconsistency has been found in cases where the plaintiff has been awarded some amount of damages, however small; rather, the issue in these cases has been theinadequacy of the award in light of the actual damages proven. See Benson v. Vick, 460 So.2d 1309
(Ala.Civ.App. 1984) (award of $1.00 held inadequate compensation for actual damages); Jackson v. Roddy, 224 Ala. 132,139 So. 354 (1932) (damages award of one cent held *Page 1319 
inadequate); 7A Ala. Digest, Damages, Key No. 130(4) (1955). It is thus the absence of damages, not the deficiency thereof, which renders the entire verdict inconsistent.
There is no such absence in this case. The jury's verdict did include an award of damages, albeit a minuscule one. While the amount of the award may appear inconsistent with the amount of actual damages proven, the verdict itself is not inconsistent as a matter of law.
The plaintiff next argues that the trial court erred in denying her motion for new trial based on the inadequacy of the damages.
It is the duty of the trial court to grant a new trial for inadequate damages where, after making all allowances, the verdict is clearly unjust. Stinson. When a judgment is challenged on the ground of inadequacy of damages, the reviewing court attempts to ascertain from the record whether the verdict gives substantial compensation for substantial injury. Manning v. White, 423 So.2d 853
(Ala.Civ.App. 1982).
It is uncontroverted that the plaintiff suffered a substantial injury and incurred hospital bills totalling $21,967.69. At trial, the defense pointed out to the jury that the plaintiff's insurer repaid her for some of this expense; however, this fact is irrelevant. Damages recoverable by a plaintiff should not be diminished by the fact that she has been wholly or partially indemnified for her loss by hospital insurance to which the defendant did not contribute. Rolandv. Krazy Glue, Inc., 342 So.2d 383 (Ala.Civ.App. 1977). Moreover, it is improper for a jury to disregard hospital bills as an element of damages because of the possibility they may have been paid by her insurer. Roland. In arriving at its conclusions, a jury cannot ignore such competent evidence.Roland. Where liability is proven, the verdict must include an amount at least as high as the uncontradicted special damages, as well as an amount sufficient to make any compensation for pain and suffering. Nemec v. Harris,536 So.2d 93 (Ala.Civ.App. 1988).
Here, the amount of damages awarded by the jury was not remotely commensurate with the amount of damages proven. Furthermore, the plaintiff received no restitution for her pain and suffering. The plaintiff was thus not substantially compensated for her injuries, and the amount of damages awarded was inadequate as a matter of law.
The trial court's order denying the motion for new trial is erroneous. The trial court's judgment is reversed and the cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.