PITTMAN, Judge.
Billy R. Downs and his wife Arlene sued Betty A. Goodwin as the result of an automobile accident that occurred in July 1996. Following a jury trial, the jury returned a *123 verdict for Billy Downs,[1] but awarded him $0 in damages. Downs filed a motion for an additur, or in the alternative, for a new trial, which the trial court denied. Downs appeals.
Downs argues that the jury verdict finding for him on the liability issue, yet awarding him no damages, is inconsistent on its face and that the trial court erred by not granting his motion for a new trial. Downs also argues that the jury verdict is inadequate. Goodwin argues that the special damages Downs claimed were not “un-contradicted” at trial and therefore that the jury verdict was not inconsistent.
Goodwin, in the majority of her argument, and Downs, in the second half of his argument, argue extensively about whether the special damages claimed by Downs were “uncontradicted” or “uncontrovert-ed.” These arguments are relevant to whether a jury verdict is inadequate. The issue in this case is whether the jury verdict for Downs is inconsistent. We have previously distinguished between inconsistent and inadequate jury verdicts as follows:
“The Alabama Supreme Court has repeatedly held that where a jury in a negligence action returns a verdict for the plaintiff but awards no damages such a verdict is inconsistent on its face as a matter of law. Thompson v. Cooper, 551 So.2d 1030 (Ala.1989) (emphasis added). See also Clements v. Lanley Heat Processing Equipment, 548 So.2d 1345 (Ala.1989); Moore v. Clark, 548 So.2d 1352 (Ala.1989); Stinson v. Acme Propane Co., 391 So.2d 659 (Ala.1980); 15A Ala. Digest, New Trial, Key No. 60 (1959). Without exception, these cases have pertained to juries which find the defendant negligent without awarding any damages to the plaintiff. Such verdicts are inherently inconsistent because they seek to establish negligence even while rejecting an essential element of the negligence claim.
“No such inconsistency has been found in cases where the plaintiff has been awarded some amount of damages, however small; rather, the issue in these cases has been the inadequacy of the award in light of actual damages proven. See Benson v. Vick, 460 So.2d 1309 (Ala.Civ.App.1984)(award of $1.00 held inadequate compensation for actual damages); Jackson v. Roddy, 224 Ala. 132, 139 So. 354 (1932)(damages award of one cent held inadequate); 7A Ala. Digest, Damages, Key No. 130(4)(1955). It is thus the absence of damages, not the deficiency thereof, which renders the entire verdict inconsistent.”
Denton v. Foley Athletic Club, 578 So.2d 1317, 1318-19 (Ala.Civ.App.1990). The verdict in this case can be classified only as an inconsistent verdict.
The remedy for an inconsistent jury verdict is quite clear:
“It is well settled that, in Alabama, when a jury’s verdict is inconsistent it should be set aside and a new trial should be granted. To find in favor of a plaintiff and then to award no damages is inconsistent as a matter of law. For the trial court not to afford a plaintiff a new trial when faced with an inconsistent verdict is reversible error. Clements v. Lanley Heat Processing Equipment, 548 So.2d 1345 (Ala.1989); see also Ward v. Diebold, Inc., 486 So.2d 1261 (Ala.1986), and Monteleone v. Trail Pontiac, Inc., 395 So.2d 1003 (Ala.Civ. *124 App.1980), cert. denied, 395 So.2d 1005 (Ala.1981).”
Odom v. Mississippi Valley Title Ins., 582 So.2d 1154, 1157 (Ala.Civ.App.1991); see also Ex parte Alfa Mut. Ins. Co., 799 So.2d 957, 963 (Ala.2001).
Therefore, we reverse the judgment of the trial court and we remand the cause for a new trial.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result.

. The jury also returned a verdict for Arlene Downs, who did not appeal. Therefore, any reference to “Downs” refers to Billy Downs.