I respectfully dissent. The general verdicts in favor of the defendants on the plaintiffs' nuisance claims do not signify that the jury did not find a nuisance. The general defense verdicts signify only that the jury did not find the coexistence of all three essential elements of the nuisance claims: nuisance, proximate causation, and damages.
If a jury does not find the existence of one of the essential elements of a claim, then the jury is bound by law to return a defense verdict, even though the jury may have found the existence of all of the other essential elements. A general verdict does not reveal which essential element the jury has not found to exist.
In the case before us, the jury charge presented the nuisance claims to the jury in terms of three essential elements: the nuisance itself, R. 1354-57; proximate causation, R. 1357-58; and damage, R. 1354-59. The jury charge conditioned plaintiffs' verdicts on findings of all three of these essential elements. (R. 1359.)
The jury charge did not instruct the jurors that they could return a verdict for nominal damages or any sum whatsoever for the plaintiffs on the basis of a finding of nuisance without a finding of compensable damage too. A zero verdict based on a nuisance finding without a compensable damage finding would, of course, have been illegal. Ward v.Diebold, Inc., 486 So.2d 1261 (Ala. 1986).
Thus, for aught that appears from the defense verdicts in this case, they are attributable only the absence of a finding of compensable damage. Indeed, a question asked by the jury reveals that the jurors recognized a nuisance "problem" but doubted the efficacy of the remedy of money damages:
 "Can we award punitive damages toward the fixing of the problem rather than to the plaintiffs? If the money is awarded to the plaintiffs, the problems are still going to be there." (R. 1385.)
The trial court correctly responded by giving the jury the essence of the pattern jury instructions on compensatory and punitive damages and again telling the jury that, "[w]hether injunctive relief is to be granted and/or the extent or form which any such relief might take is not a matter for your concern." (R. 1386.)
The general verdict returned by the jury against the plaintiffs supplies us with no basis to conclude that the jury found the hog farm not to be a nuisance. Nor did the trial court submit to the jury any special interrogatory seeking or allowing a jury finding on the element of nuisance alone. Therefore no such finding foreclosed the trial court from finding a nuisance and granting injunctive relief.
I express no opinion on the issue of whether the plaintiffs' claims for both money damages and injunctive relief based on the common issue of nuisance originally entitled the defendants to a jury determination on that common issue. In a post-judgment brief to the trial court, the defendant Gold Kist waived any right to a jury trial of any element of the plaintiffs' claim for injunctive relief: *Page 592 
 "The Court tried the plaintiffs' equitable claims with the jury acting as an advisory jury. . . . Defendant Gold Kist recognizes that a trial judge, called upon to decide an equitable claim, is not bound to accept a finding of fact made by an advisory jury." (C.R. 684.)
At this stage of the proceedings, the other defendants too have waived any such right. The plaintiffs' money damage claim has been concluded with no identifiable jury finding on the issue of nuisance and with no insistence by the defendants that the jury make such a finding by special interrogatory or other procedure. Now the jury is gone, as is the money damage claim that warranted the jury trial in the first place.
WOODALL, J., concurs.