Ricardo Daniel and Gloria Daniel sued Michael Neal Passmore as a result of an automobile accident that occurred on or about April 5, 2005. At the time of the accident, Ricardo was driving an automobile that was owned by Gloria. Following a jury trial, the jury, on May 11, 2007, returned a verdict for Gloria and awarded her $600 in damages; the jury also returned a verdict for Ricardo but awarded him $0 in damages.
Ricardo filed a motion for an additur or, in the alternative, for a new trial. The motion was heard by the trial court on June 29, 2007, and, on September 17, 2007, the trial court purported to enter an order granting Ricardo's motion for a new trial. However, because the trial court did not enter the order within the 90-day period provided in Rule 59.1, Ala. R. Civ. P., the motion was deemed denied by operation of law on September 4, 2007, and the order entered by the trial court on September 17 was a nullity. Ricardo timely appealed.[1]
Ricardo argues that the jury verdict finding for him on the liability issue but awarding him no damages is inconsistent on its face and that the trial court therefore erred in not granting his motion for a new trial.
In Downs v. Goodwin, 827 So.2d 122 (Ala.Civ.App. 2002), this court stated:
 "`The Alabama Supreme Court has repeatedly held that where a jury in a negligence action returns a verdict for the plaintiff but awards no damages such a verdict is inconsistent on its face as a matter of law. Thompson v. Cooper, 551 So.2d 1030
(Ala. 1989) (emphasis added). See also Clements v. Lanley Heat Processing Equipment, 548 So.2d 1345
(Ala. 1989); Moore v. Clark, 548 So.2d 1352
(Ala. 1989); Stinson v. Acme Propane Co., 391 So.2d 659 (Ala. 1980); 15A Ala. Digest, New Trial, Key No. 60 (1959). Without exception, these cases have pertained to juries which find the defendant negligent without awarding any
damages to the plaintiff. Such verdicts are inherently inconsistent because they seek to establish negligence even while rejecting an essential element of the negligence claim.
 "`No such inconsistency has been found in cases where the plaintiff has been awarded some amount of damages, however small; rather, the issue in these cases has been the inadequacy of the award in light of actual damages proven. See Benson v. Vick, 460 So.2d 1309 (Ala.Civ.App. 1984) (award of $1.00 held inadequate compensation for actual damages); Jackson v. Roddy, 224 Ala. 132, 139
So. 354 (1932) (damages award of one cent held inadequate); 7A Ala. Digest, Damages, Key No. 130(4) (1955). It is thus the absence of damages, not the deficiency thereof, which renders the entire verdict inconsistent.'
 "Denton v. Foley Athletic Club, 578 So.2d 1317, 1318-19 (Ala.Civ.App. 1990)."
827 So.2d at 123.
This court also stated that
 "[t]he remedy for an inconsistent jury verdict is quite clear:
 "`It is well settled that, in Alabama, when a jury's verdict is inconsistent it *Page 1081 
should be set aside and a new trial granted. To find in favor of a plaintiff and then to award no damages is inconsistent as a matter of law. For the trial court not to afford a plaintiff a new trial when faced with an inconsistent verdict is reversible error."
Id. (quoting Odom v. Mississippi ValleyTitle Ins., 582 So.2d 1154, 1157 (Ala.Civ.App. 1991)).
The verdict in this case, like the verdict in Downs, is clearly an inconsistent verdict. We, therefore, reverse the judgment of the trial court and remand the cause for a new trial.
REVERSED AND REMANDED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.
[1] Gloria has not appealed.