This is an appeal from a verdict and a judgment in favor of the plaintiff, Charles Shaun Nemec (Nemec). *Page 94 
Nemec filed an action against Luther Harris as a result of an automobile accident. The jury found in Nemec's favor and assessed damages against Harris in the amount of $5,400. The trial court entered judgment in accordance with the verdict. Thereafter, Nemec filed a motion for a new trial, alleging inadequacy of damages. The trial court denied this motion, and Nemec, through able counsel, appeals. We affirm.
The dispositive issue before this court is whether the trial court erred in refusing to grant a new trial for inadequacy of damages.
At the outset we note that a jury verdict is presumed to be correct and should not be set aside on the grounds of inadequacy of damages unless the amount is so inadequate as to plainly indicate that the verdict was the result of passion, prejudice, or improper motive. Lartigue v. Fleming,489 So.2d 583 (Ala.Civ.App. 1986). Additionally, a strong presumption of correctness applies to a trial court's refusal to grant a motion for a new trial, and we will not reverse absent a showing that the verdict was clearly wrong or unjust. Lartigue,489 So.2d 583.
Further, the assessment of damages is a matter largely in the discretion of the jury. Hickox v. Vester Morgan, Inc.,439 So.2d 95 (Ala. 1983). However, where liability is proven, the verdict must include an amount at least as high as theuncontradicted special damages, as well as an amount sufficient to make any compensation for pain and suffering. Orr v.Hammond, 460 So.2d 1322 (Ala.Civ.App. 1984).
In the instant case Nemec, in effect, contends that his special damages are uncontradicted and that the jury verdict is, therefore, inadequate. We disagree.
We pretermit a detailed summary of all the evidence. Suffice it to say that, after a careful review of the record, we find the evidence concerning the damages claimed by Nemec to be clearly contradicted. The evidence of the amount of property damage, the lost wages, the medical bills, and the extent of bodily injury were all in dispute.
Therefore, the jury, in exercising its proper function as the trier of facts, apparently did not believe that Nemec had adequately proven all of his claimed damages.Lartigue, 489 So.2d 583. In view of the above, we cannot say that the jury erred in awarding Nemec $5,400. We, therefore, affirm the trial court's order denying Nemec's motion for a new trial.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.