HOUSTON, Justice.
Rosie Stallworth sued Continental Real Estate Management, Inc. (“Continental”), and William Myers (the owner of Continental), alleging conversion, trespass, intentional infliction of emotional distress, fraud, willful termination of her lease, and outrage. Continental and Myers filed a motion for summary judgment as to all of Ms. Stallworth’s claims against them. They based their motion on the pleadings, Ms. Stallworth’s deposition, Myers’s deposition, and exhibits to the depositions; they also attached to their motion a memorandum brief, which included copies of pertinent portions of the depositions and exhibits. The trial court entered a summary judgment as to all claims against them. Ms. Stallworth appealed. Although Ms. Stallworth made numerous claims against Continental and Myers, on appeal she argues only that the summary judgment was improper on the conversion claim. Therefore, our review is limited to that claim.
*535 This suit was filed after June 11, 1987; therefore, the applicable standard of review is the “substantial evidence” rule. “Substantial evidence” has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); Ala.Code 1975, § 12-21-12. All reasonable doubts concerning the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party. Hanners v. Balfour Guthrie Inc., 564 So.2d 412 (Ala.1990). Thus, the trial court was obligated to view all the evidentiary material offered by Continental and Myers in support of their motion in the light most favorable to Ms. Stallworth. Id. Continental and Myers, as the moving parties, had the burden of presenting material facts to make a prima facie showing that there had been no conversion. Once Continental and Myers met this burden, the burden of proof shifted to Ms. Stallworth, as the nonmov-ing party; her burden was to overcome the prima facie showing by presenting substantial evidence creating a genuine issue of material fact as to the existence of conversion. By carrying that burden, she could defeat the defendants’ summary judgment motion. See, Knight v. Alabama Power Co., 580 So.2d 576 (Ala.1991); Stafford v. Mississippi Valley Title Insurance Co., 569 So.2d 720 (Ala.1990); DuPont v. Yellow Cab Co. of Birmingham, Inc., 565 So.2d 190 (Ala.1990). If Ms. Stallworth failed to present substantial evidence indicating that there had been a conversion, then Continental and Myers would be entitled to a judgment as a matter of law. See Berner v. Caldwell, 543 So.2d 686 (Ala.1989).
According to Ms. Stallworth, the trial court erred in entering summary judgment in favor of Continental and Myers, because, she says, “the depositions, exhibits, and even the brief of [Continental and Myers] raise issues [of material fact] as to the right of [Continental and Myers] to take possession of [her] chattels and whether or not a demand and refusal were made and whether or not the chattels were abandoned.”
Continental and Myers contend that the trial court correctly entered summary judgment, because the trial court found that they had met their burden and that Ms. Stallworth had failed to present substantial evidence in support of her position.
The issue for our review is whether the trial court properly determined that there was no genuine issue of material fact on the question whether Continental and Myers had wrongfully converted Ms. Stall-worth’s property.
Viewing the evidence in the light most favorable to Ms. Stallworth, as we are required to do under the applicable standard of review, we conclude that the evidence before the trial court on the summary judgment motion would have supported the following findings:
On June 30, 1987, Ms. Stallworth entered into a contract with Continental to lease an apartment for $200 per month; she was to pay a late fee of $12.50 per month if the rent was paid after the 10th of the month for which it was due. Ms. Stallworth lived at the apartment from September 1987 through August 1988, at which time she moved out of the apartment and her brother moved into the apartment. Ms. Stall-worth continued to pay the rent, but the payments for September, October, November, and December were paid late. On January 3, 1989, Continental sent Ms. Stall-worth a notice of termination of lease for her failure to pay the December rent; on January 5, Continental sent her a demand of possession for her failure to pay the December rent; and on January 20, Continental filed an unlawful detainer action against her.[1] According to Ms. Stallworth, around the first of January (even though she was unaware at that time that her brother planned on moving out of the apartment as of January 28), she had decided to terminate her lease in January; and *536 even though Ms. Stallworth’s brother remained in the apartment until January 28, she never paid the rent for January. Furthermore, because her brother was not paying the utilities and because Ms. Stallworth could not continue to make those payments, she notified the various service companies (electric power, water, gas, and television cable) to discontinue service to the apartment. By January 28, those services had been discontinued. On January 28, Ms. Stallworth’s brothers and her nephew moved some of her possessions out of the apartment. She was unable to remove all of them before the end of the month, although she did intend to return for the others. Three or four days later, sometime around the first of February, Continental entered the apartment and removed the remainder of Ms. Stallworth’s possessions. Ms. Stallworth then called Continental and demanded that it return her possessions, at which time she was informed that her personal property had been taken “to the dump” or “given away.” According to Ms. Stallworth, at first she decided that she was “not going to worry about it, because [she] owed them January rent,” but she then decided she was going “to talk to [her] lawyer to see [if it was] legal for them to come in and just get [her] stuff like that.” Approximately three days later, Continental called Ms. Stallworth and told her that her property had not been taken to the dump or given away, but that “[it] had [her] stuff” — that “one of the guys took it home because they didn’t have [anywhere] to put it” — and asked her “where [she wanted them] to deliver it.” Ms. Stall-worth told Continental that it should not have moved her possessions and that she would “get back with [it] later.” Ms. Stall-worth then called her attorney and subsequently filed this suit against Continental and Myers.
Ms. Stallworth contends that “the admitted actions of [Continental and Myers] in exerting dominion and control over the chattels in defiance of [her] rights constitutes the completed act of conversion of those chattels by [Continental and Myers], which was only exacerbated by [their] initial representations to [her] that [they] had disposed of [her] chattels.” She contends that the initial conversion occurred when Continental and Myers re-entered her apartment and took possession of her personal items, not knowing the “status of [her] intentions.” She further contends that even if the taking had not been wrongful, it is undisputed that a demand and refusal occurred when she called to reclaim her possessions and was informed that they had been taken to the dump or had been given away.
Continental and Myers contend that Ms. Stallworth had abandoned the leased premises and that they therefore are “not guilty of conversion merely for going into possession of her personal property temporarily as an incident of lawful re-entry.” They emphasize the fact that when they informed Ms. Stallworth that her possessions had not been taken to the dump or thrown away, but were in storage and would be returned to her, she refused to accept delivery, stating that she had consulted an attorney and that the attorney had advised her not to accept them.
“To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another’s property. The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff’s rights, where the plaintiff has a general or special title to the property or the immediate right to possession.”
Ex parte SouthTrust Bank of Alabama, N.A., 523 So.2d 407, 408 (Ala.1988), citing Ott v. Fox, 362 So.2d 836 (Ala.1978); see Keith v. Witt Auto Sales, Inc., 578 So.2d 1269 (Ala.1991); see, also Yarbrough v. Williams, 533 So.2d 565 (Ala.1988); Allstate Enterprises, Inc. v. Alexander, 484 So.2d 375 (Ala.1985); Sadie v. Martin, 468 So.2d 162 (Ala.1985); and National Surety Corp. v. Applied Systems, Inc., 418 So.2d 847 (Ala.1982).
In Moriarty v. Dziak, 435 So.2d 35, 37 (Ala.1983), this Court addressed rightful re-entry, stating, in pertinent part, as follows: •
*537 “This Court has approved a landlord’s [lessor’s] action of ‘going into possession’ of the severable chattels of a tenant [lessee] as incidental to a rightful re-entry after the legal forfeiture of a lease. Princess Amusement Co. v. Smith, 174 Ala. [342] at 344, 56 So. [979] at 980 [ (1911) ]. ... [However, the question] remains to be considered whether ... continued retention of [the tenant or lessee’s] property is lawful.
[[Image here]]
“In effect, then, we adhere to the view that if a lease has been legally forfeited, a landlord is not guilty of conversion merely for going into possession of a tenant’s [lessee’s] personal property temporarily as an incident of lawful re-entry.”
(Emphasis added.) In cases in which the taking was lawful, a demand and refusal are necessary to constitute conversion. United States Fidelity & Guaranty Co. v. Bass, 619 F.2d 1057 (5th Cir.1980).
As stated above, Ms. Stallworth contends that even if the taking was lawful, her demand for the possessions and Continental and Myers’s initial refusal to return them created a fact question as to whether they exercised dominion and control over her possessions in defiance of her rights. In other words, Ms. Stallworth contends that the undisputed evidence of Continental and Myers’s retention of her possessions — the statement that her possessions had been taken to the dump or had been given away — constituted substantial evidence of conversion that would preclude the trial court’s entering a summary judgment in favor of Continental and Myers.
We stated the following in Roebuck Auto Sales, Inc. v. Wallace, 293 Ala. 231, 235, 301 So.2d 546, 549 (1974):
“[T]he fact that [the plaintiff] recovered the property prior to the suit should in no way affect his right to bring an action for conversion. That tort is complete when the chattel is converted. A recovery of the property does not amount to a waiver of any right of recovery for conversion. This appears to be the rule whether the property is surrendered voluntarily or through resort to legal action. See Prosser On Torts, 3rd Ed., p. 98, 1964, where it is said:
“ ‘In any case, return of the chattel, whether consented to by the plaintiff or compelled by the court, does not bar the action, but goes merely to reduce the damages.’ ”
(Emphasis added.) See Brown v. Campbell, 536 So.2d 920 (Ala.1988); Simmons Machinery Co. v. M & M Brokerage, Inc., 409 So.2d 743 (Ala.1982); and Coffee General Hospital v. Henderson, 338 So.2d 1022 (Ala.Civ.App.1976).
Thus, applying the well-settled law relating to conversion to the evidence before the trial court on the summary judgment motion, we conclude that Ms. Stallworth presented substantial evidence to create a genuine issue of material fact on the question whether there had been a conversion. Therefore, the trial court erroneously entered the summary judgment in favor of Continental and Myers on that claim. We reverse the judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.

. We note that we, as well as the parties to this lawsuit, are unaware of the status of the unlawful detainer action filed against Ms. Stallworth. In any event, that action is not before us.