This is an appeal from the trial court's denial of a motion for a new trial.
Helen Louise Brown, the plaintiff, filed a negligence action against Michael Lee Foster, the defendant, seeking damages for injuries which she alleged that she sustained in an automobile accident on or about March 22, 1991. The case was tried before a jury. The jury returned a verdict in favor of the plaintiff and awarded her $2,940 in damages.
The plaintiff filed a motion for a new trial, alleging that the jury's verdict was inadequate as a matter of law. The trial court denied the plaintiff's motion for a new trial.
The plaintiff appeals. We affirm.
The dispositive issue on appeal is whether the trial court erred in refusing to grant the motion for a new trial on the grounds of inadequacy of damages.
At the outset we note that a jury verdict is presumed to be correct and should not be set aside on the grounds of inadequacy of damages unless the amount is so inadequate as to plainly indicate that the verdict was the result of passion, prejudice, or improper motive. Nemec v. Harris, 536 So.2d 93
(Ala.Civ.App. 1988). Additionally, a strong presumption of correctness applies to a trial court's refusal to grant a motion for a new trial, and we will not reverse absent a showing that the verdict was clearly wrong or unjust. Nemec,536 So.2d 93.
Further, the assessment of damages is a matter largely in the discretion of the jury. Nemec, 536 So.2d 93. However, where liability is proven, the verdict must include an amount at least as high as the uncontradicted special damages, as well as an amount sufficient to make any compensation for pain and suffering. Nemec, 536 So.2d 93.
As previously noted, the jury returned a general verdict in the amount of $2,940. The plaintiff argues that the jury failed to award her any compensation for her pain and suffering, as the uncontradicted special damages totalled $2,940 ($400 for lost wages for the five days that she was to remain home from work and $2,540 in medical expenses). However, our review of the record does not support this contention.
The record reveals that following the automobile accident of March 22, 1991, the plaintiff was complaining of pain in her neck, right shoulder and arm, lower back, and right leg. She was taken to the emergency room for treatment and instructed to remain off work for five days. The record reveals that the accident occurred on Friday. The plaintiff, an hourly employee, would not have worked on Saturday or Sunday; therefore, the jury could have concluded that she suffered only three days of actual lost wages.
The plaintiff sought follow-up treatment and tests for these injuries. She testified at the trial in August 1993 that she had not seen a doctor for her injuries since July 1991. The medical bills introduced into evidence totalled $2,630.50.
The record also reveals that the plaintiff is a licensed practical nurse (LPN) and that she was on her way to her first day of employment at a new job when the accident occurred. The plaintiff testified that she was to work a forty-hour week at $10 per hour.
The plaintiff further testified that she had been unable to work since the date of the accident because she was no longer able to perform all the duties required of an LPN. She stated that she was making a claim for lost wages in the amount of $44,800.
The plaintiff also testified that she was involved in a prior automobile accident on December 7, 1990. She was treated with physical therapy and did not return to work until January 23, 1991. The plaintiff testified that she was fully recovered and pain-free when she returned to work from the December 1990 accident. However, there were medical records after the date of her return to work that indicated that she was continuing to experience some problems. When questioned about these records, the plaintiff stated that the records were incorrect.
The proper function of a jury is as the trier of fact.Nemec, 536 So.2d 93. Here, the jury weighed all of the evidence presented during the course of the trial and arrived *Page 470 
at a verdict in favor of the plaintiff. In view of the above, we cannot say that the jury's verdict of $2,940 was inadequate. Stated another way, the jury and the trial court could have concluded that the special damages were contradicted. Furthermore, we cannot say that some amount, albeit small, was not awarded for pain and suffering. As indicated above, the jury could have concluded from the evidence that the degree and source of the pain and suffering were contradicted.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.