RICHARD L. HOLMES,
Retired Appellate Judge.
This is an appeal from the trial court’s denial of a motion for a new trial based upon an alleged inadequate verdict.
Jo Shannon filed a negligence action against Cindy Miller, seeking damages for injuries which she alleged that she sustained in an automobile accident on or about December 18, 1990. The case was tried before a jury. The jury returned a verdict in favor of Shannon and awarded her $1,204 in damages.
Shannon filed a motion for a new trial and/or additur, alleging that the jury’s verdict was inconsistent as a matter of law. The trial court denied the motion for a new trial and/or additur.
Shannon appeals.
It is well settled that a presumption of correctness attaches to a jury verdict. Brannon v. Webster, 562 So.2d 1337 (Ala.Civ.App.1990). The jury, as the trier of fact, is given the discretion to determine damages. Brannon, 562 So.2d 1337. In order to determine the damages, the jury may decide what credibility should be given to the testimony of each witness and may also weigh the evidence presented and draw inferences therefrom. Brannon, 562 So.2d 1337.
Such a presumption of correctness is strengthened by the denial of a motion for a new trial. Franklin v. Cannon, 565 So.2d 119 (Ala.1990). The trial court’s determination regarding a motion for a new trial is committed to its sound discretion, and such determination will not be reversed on appeal unless it is clear that there was an abuse of that discretion. Franklin, 565 So.2d 119.
In the present case the jury, on its typewritten verdict form, awarded $0.00 for past damages and $1,204.00 for future damages.
If there had been a general verdict in this case, we would, without question, affirm. See Brown v. Foster, 636 So.2d 468 (Ala.Civ.App.1994).
On appeal Shannon argues that the verdict in this case is inadequate and inconsistent because, although the jury found in her behalf, it failed to award damages to compensate her for her pain and suffering, mental anguish, permanent disability, and the loss of enjoyment of life.
We recognize that in cases where liability is proven, the verdict must include an amount at least as high as the uncontradict-ed special damages, as well as an amount *11 sufficient to make any compensation for pain and suffering. Nemec v. Harris, 536 So.2d 93 (Ala.Civ.App.1988).
In the present case Shannon did not make a claim for any past medical expenses, and her future medical expenses claim consisted of physical therapy treatments, which might become necessary when she experienced a flare-up. The special damages were not un-contradicted in this case.
Our review of the record reveals that this case was tried on the theory that Shannon’s problem with her right shoulder and arm was due to her pre-existing bursitis. We would also note that it was pointed out during the course of the trial that Shannon failed to reveal her pre-existing bursitis when questioned during her deposition regarding whether she had experienced any prior problems with her right shoulder.
The verdict form in this case is not a paragon of clarity. Consequently, in view of the above, for this court to reverse the judgment and remand this case would not give credence to the jury’s verdict or to the experienced trial judge’s denial of the motion for a new trial and/or additur. Furthermore, we note that we cannot say with any certainty that the jury did not award some nominal amount for pain and suffering.
The judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.