THIGPEN, Judge.
This is an appeal from an order granting a new trial.
In August 1992 Jesse Love sued Curtis Williams, alleging that Williams had negligently and wantonly collided his motor vehicle into Love’s vehicle, causing Love to suffer damages, including medical expenses, lost wages, pain and suffering, emotional distress, and mental anguish. The trial court granted Love’s motion for a partial summary judgment, holding that Williams had acted negligently, and it submitted the issues of proximate cause and damages to a jury. The jury awarded Love $5,600. The trial court denied Love’s motion for an additur, but granted Love’s motion for a new trial. Hence, this appeal.
Williams’s only issue on appeal is whether the trial court erred in granting Love a new trial.
A jury verdict is presumed to be correct. Whisenant v. Nationwide Mutual Fire Insurance Co., 577 So.2d 909 (Ala.1991). Whether to grant or to deny a motion for a new trial rests within the sound discretion of the trial court, and that court’s ruling on that question will not be reversed absent an abuse of discretion. Franklin v. Cannon, 565 So.2d 119 (Ala.1990). The trial court has a duty to grant a new trial where the verdict is manifestly unjust because it awards inadequate damages. Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980).
The record reveals that Love presented undisputed evidence regarding his damages and that his medical expenses and lost wages together were approximately twice the amount of the jury verdict. Having found for Love on the issue of Williams’s liability, the jury verdict for Love’s damages “must include an amount at least as high as the uncontradicted special damages, as well as an amount sufficient to make any compensation for pain and suffering.” Nemec v. Harris, 536 So.2d 93, 94 (Ala.Civ.App.1988) (emphasis in original). The jury’s verdict of $5,600 is clearly inadequate to compensate Love for his undisputed damages; therefore, the trial court properly granted a new trial. Consequently, the order granting the new trial is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.