Edward J. Derwinski, in his capacity as secretary of the Department of Veterans Affairs ("VA") sued Nick Nichols. In its complaint, the VA alleged that from March through June 1992 Nichols had resided in, and had caused damage to, a house owned by the VA and he had done so without just cause or lawful right and without compensating the VA for his use and enjoyment of the house and for the alleged damage thereto. The VA sought a judgment against Nichols in the amount of $2,341.67. Nichols answered, contending that he had been in lawful possession of the house pursuant to a valid lease from the previous owner, and without notice of a foreclosure by the VA. Additionally, Nichols filed a counterclaim against the VA and Dunn Company Real Estate ("Dunn") seeking damages for an alleged conversion of his personal property.
The VA and Dunn answered Nichols's counterclaim, denying conversion and asserting as defenses, abandonment and trespass.
The counterclaim filed against the VA was dismissed because of governmental immunity, leaving only the VA's claim against Nichols and Nichols's claim of conversion against Dunn.
The jury found that the VA had proven its use and occupation claim and the jury awarded $1 in damages, and it awarded Nichols $3,600 in compensatory damages and $7,300 in punitive damages, on his conversion claim against Dunn. A judgment was entered according to the jury's verdict.
The VA and Dunn filed a post-judgment motion contending, among other things, that the jury's verdict was inconsistent, contrary to the great weight and preponderance of the evidence, and inadequate in its award to the VA. After an evidentiary hearing, the court denied the post-judgment motion. The VA and Dunn jointly appealed to the Supreme Court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6).
The VA and Dunn make two contentions on appeal. They contend that the trial court committed reversible error in denying the post-judgment motion because, they say the jury's award to the VA was inadequate, and (2) the jury's verdicts were inconsistent.
The pertinent facts are as follows: E.M. Stairs purchased a house located in Huntsville, financing the purchase with a VA-guaranteed loan. Stairs rented the house to Nick Nichols.
In March 1992, Stairs defaulted on his loan; the VA paid the remaining $43,634 owed on the loan, and took title. Then, the VA assigned the management of the house to Dunn. The VA guidelines required that Dunn determine if anyone was living in the house. If it was occupied, Dunn was not to take any dispossessory action, but Dunn was to monitor the premises until the house was obviously abandoned.
Dunn determined that Nichols occupied the home. In late May or early June, Dunn telephoned Nichols and threatened that "[W]e're in the process of having the sheriff to come out and set your stuff on the street . . ."
On June 19, 1992, Nichols was married. Upon returning from his honeymoon, Nichols discovered a lock box on the door of his home and discovered that his personal property was missing.
On June 30, 1992, Nichols confronted the Dunn owners at the home and demanded to know where his possessions were. The owners of Dunn stated that everything had been thrown away, except his paintings.
Although the VA's brief argues several points, the first issue primarily concerns the adequacy of the verdict awarded by the jury after it found for the VA on its claim for use and occupation.
At the outset, we note that a jury verdict is presumed to be correct and should not be set aside on the ground of inadequacy of damages unless the amount is so inadequate as to plainly indicate that the verdict was the result of passion, prejudice, or improper motive. Brown v. Foster, *Page 89 636 So.2d 468 (Ala.Civ.App. 1994); Nemec v. Harris, 536 So.2d 93
(Ala.Civ.App. 1988).
Additionally, a strong presumption of correctness applies to a trial court's refusal to set aside a jury verdict, and we will not reverse absent a showing that the verdict was clearly wrong or unjust. Brown, 636 So.2d 468; Nemec, 536 So.2d 93;O'Daniels v. Bates, 456 So.2d 807 (Ala.Civ.App. 1984).
Moreover, the assessment of damages is a matter largely within the discretion of the jury, and it is solely the jury's right to consider all the evidence presented, to determine the credibility of the testimony of each witness, and to draw inferences therefrom. Kite v. Word, 639 So.2d 1380
(Ala.Civ.App. 1994).
However, a verdict must include an amount at least as high as the uncontradicted amount of loss or damage. Nemec,536 So.2d 93 (Ala.Civ.App. 1988).
The facts clearly show that the amount of the loss or damage the VA incurred, if any, was in dispute. The number of months for which the VA may have been entitled to rent was disputed. There was disputed testimony as to when the VA notified Nichols that it owned the house.
Further, the VA's contract provided that all rents and profits collected, after deducting the cost of collection, would be applied to the debt associated with the house; however, at trial, the VA's representative testified that the house had been sold for a profit of $3,959. The jury could have reasonably concluded that the VA was entitled to damage for use and occupation, but had failed to prove any actual damages. Therefore, we find no error in the trial court's rejection of the VA's argument that the jury awarded it inadequate damages.
Next, the VA and Dunn challenge the verdicts as being inconsistent specifically arguing that because the jury determined that the VA was entitled to damages for use and occupation, then the jury could not logically also determine that Nichols had proven his conversion claim.
A conversion occurs when one wrongfully takes, detains, interferes with, misuses, or assumes ownership of, the property of another in defiance of the owner's rights. Stallworth v.Continental Real Estate Management, Inc., 582 So.2d 534
(Ala. 1991). While the VA may have been entitled to possession of the house, it did not own, or have the right to use or dispose of, Nichols's personal property. Stallworth,582 So.2d 534.
Dunn, the VA's agent, admitted disposing of Nichols's personal property. Clearly, Dunn was prohibited from entering the house and disposing of Nichols's personal property. Obviously, the jury concluded that the VA owned the house, but that its agent, Dunn, was not entitled to enter the house and dispose of Nichols's property.
It is within the jury's discretion to assess the appropriate amount of damages. Kite v. Word, 639 So.2d 1380
(Ala.Civ.App. 1994). The evidence supports the $3,600 awarded in compensatory damages. We find that that award was not excessive, and it does not appear to be based on bias or prejudice.
Generally, an award of punitive damages is proper in a conversion case "where the evidence shows legal malice, willfulness, insult, or other aggravating circumstances."Rainsville Bank v. Willingham, 485 So.2d 319, 324 (Ala. 1986); quoting Ray Hughes Chevrolet, Inc. v. Gordon, 294 Ala. 638,639, 320 So.2d 652, 654 (1975); Roberson v. Ammons,477 So.2d 957 (Ala. 1985). Further, a jury's award of punitive damages is to punish the wrongdoer and to prevent similar wrongs from being committed in the future. Roberson, 477 So.2d 957.
There was ample evidence from which the jury could find that Dunn acted willfully and intentionally in disposing of Nichols's property. Further, Dunn had had much experience managing VA foreclosed properties and had been furnished with the VA guidelines; yet, at trial Dunn testified that it was Dunn's normal operating practice to dispose of personal property found in residences that had been subject to VA foreclosure. Based on the testimony before the *Page 90 
jury, we conclude that the award of $7,300 in punitive damages was not excessive.
After thoroughly reviewing the record, we cannot conclude that the award of $1 in damages to the VA was inadequate, and we cannot conclude that the awards of compensatory and punitive damages against Dunn were inconsistent, with the finding for the VA, or that those awards were excessive. Therefore, the trial court did not err in denying the VA and Dunn's post-judgment motion. The judgment is due to be affirmed.
Nichols's request for an attorney fee is hereby denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN and CRAWLEY, JJ., dissent.