Fleming Shelby filed a complaint against Michael Phillips, alleging that on or about June 26, 1994, Phillips caused his motor vehicle to strike the rear of the motor vehicle being driven by Shelby. Shelby contended that, as a result of this automobile accident, he suffered property damage to his motor vehicle, permanent physical injuries to his neck and his back, and pain and suffering.
In June 1996 the case was tried before a jury. The jury found in favor of Shelby and assessed damages against Phillips in the *Page 31 
amount of $2,500. The trial court entered a judgment on this verdict.
Shelby filed a motion for a new trial, alleging that "the damages awarded [Shelby] were inadequate as a matter of law." The trial court denied the motion.
Shelby appeals.
At the outset we note that a jury verdict is presumed to be correct and should not be set aside on the grounds of inadequacy of damages unless the amount is so inadequate as to indicate passion, prejudice, or improper motive on the part of the jury. Nemec v. Harris, 536 So.2d 93 (Ala.Civ.App. 1988). We would also note that a strong presumption of correctness attaches to a trial court's refusal to grant a motion for a new trial, and we will not disturb the trial court's determination unless it appears that the verdict was clearly wrong or unjust.Nemec, 536 So.2d 93.
The assessment of damages is a matter largely within the discretion of the jury. However, in cases where liability is proven, the verdict must include an amount at least as high as the uncontradicted special damages, plus an amount sufficient to make compensation for pain and suffering. Nemec,536 So.2d 93.
On appeal Shelby contends that the jury failed to award an adequate amount of damages and that the trial court committed reversible error when it denied his motion for a new trial.
Specifically, Shelby contends that the jury failed to award an adequate amount of damages because, he says, his uncontradicted medical bills totalled $2,499.70, because his uncontradicted property damage totalled $5,000, and because he is also due to be compensated for his pain and suffering.
Our review of the record reveals the following pertinent facts: At the time of the accident Shelby had been receiving Social Security disability benefits since 1990 due to neck, back, and wrist injuries received in 1979 and 1989. Shelby testified that prior to the accident, he usually saw the doctor on a regular basis for the on-going treatment of the injuries to his neck and his back. In fact, Shelby had neck surgery prior to the accident. Shelby admitted at trial that the surgery had not been successful and that he had been in severe pain since the surgery.
Shelby testified that after the accident, the pain in his neck, his back, and his legs was much more severe and that the pain has not diminished over time.
Shelby went to the emergency room following the accident and was treated and released. Thereafter, on July 11, 1994, and on May 9, 1996, Shelby saw the doctor who had also treated him for the injuries sustained prior to the June 1994 accident.
As this court stated in Brannon v. Webster, 562 So.2d 1337,1339 (Ala.Civ.App. 1990):
 "The reasonableness and necessity of the expenses is a question for the jury, and the jury is not bound to award medical expenses merely because they were incurred. It is for the jury to determine whether the claimed medical expenses were proximately caused by the [defendant's] negligence."
(Citations omitted.) In light of the fact that Shelby was receiving disability benefits because of injuries to the same areas that were injured in the June 1994 accident, the jury could have concluded that not all of the special damages claimed by Shelby had been proven to result from Phillips's negligence.
Shelby testified that the fair market value of his automobile prior to the accident was $15,000 and that the fair market value of the automobile after the accident was $10,000. Shelby also testified that the cost of repairs to his automobile totalled approximately $2,300. Shelby stated that he purchased his automobile, a 1989 Lincoln Towncar, for $14,000 in 1990 or 1991.
We would note that this court stated the following inGandy v. Herring, 555 So.2d 1091, 1092 (Ala.Civ.App. 1989): "[T]he plaintiff's testimony [as to the fair market value of her automobile both before and after the accident] was merely opinion evidence, and it is well settled that such evidence is not conclusive upon the jury or the trial court." The jury could have concluded that the fair market *Page 32 
value of Shelby's automobile before and after the accident was considerably less than $15,000 and $10,000, especially in light of the fact that Shelby had purchased the vehicle for $14,000 three or four years prior to the June 1994 accident.
In light of the foregoing, we cannot say that the jury erred in awarding Shelby $2,500. The trial court's judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED.
All the judges concur.