The plaintiffs appeal from judgments entered on jury verdicts in favor of the defendant in a personal injury lawsuit.
On September 13, 1995, Bharatkuman Patel caused his automobile to collide with an automobile owned and driven by Erma Coleman. Emma Sizemore was a passenger in Coleman's automobile. Sizemore and Coleman sued Patel, alleging negligence or wantonness; their cases were consolidated for trial. At trial, the wantonness claims were dismissed with the plaintiffs' consent. Because Patel conceded that the accident was his fault, the case went to the jury solely on the issue of damages. The jury awarded verdicts in favor of Patel, and Sizemore and Coleman moved for new trials. The trial court denied their motions. They appealed to the Supreme Court, which deflected their appeals to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Sizemore and Coleman argue that the trial court improperly denied their motions for a new trial.
Initially, we note that jury verdicts are presumed correct and that this presumption is strengthened on a trial court's denial of a motion for new trial. Smith v. Blankenship,440 So.2d 1063 (Ala. 1983). Indeed, a *Page 174 
trial court's ruling on a motion for new trial should not be disturbed on appeal unless some legal right has been abused and the record plainly and palpably shows the trial court to be in error. Jones v. Baltazar, 658 So.2d 420, 421 (Ala. 1995).
Sizemore and Coleman contend that they were entitled to a new trial because, they say, the verdicts were inconsistent as a matter of law. In support of this argument, Sizemore and Coleman rely on that line of cases holding that a jury verdict is inconsistent as a matter of law when the jury finds for the plaintiff on a claim of negligence and yet awards the plaintiff less than the amount of uncontradicted damages. See, e.g.,Daniel v. Adkins, 676 So.2d 346, 347 (Ala.Civ.App. 1996). However, this is not a case in which the jury found liability and declined to award the amount of uncontradicted damages. In this case, the jury was not asked to make a finding as to liability. If the jury had found Patel negligent and then awarded no damages, we would be compelled to reverse the trial court's judgment. See Stinson v. Acme Propane Gas Co.,391 So.2d 659 (Ala. 1980). This is because where a jury finds for the plaintiff in a negligence action, the finding "necessarily embrace[s] all of the elements of the tort claim, including the element of injury and resultant damages. To so find, and then award no damages, is inconsistent on its face as a matter of law." Id. at 661.
However, in this case, the defendant did not admit that the plaintiffs were injured or that his negligence proximately caused the plaintiffs' alleged injuries. In such a case as this, the resolution of these two elements is properly left to the jury. Roberts v. Public Cemetery of Cullman, Inc.,569 So.2d 369, 371 (Ala. 1990). Indeed, in a case such as this, the jury has at least three options: (1) it can find for the plaintiffs and award damages accordingly; (2) it can find that the plaintiffs were not injured; or (3) it can find that the plaintiffs were injured but that their injuries were not proximately caused by the defendant's negligence. Pacheco v.Paulson, 472 So.2d 980, 982 (Ala. 1985). Of course, in exercising the latter two options, the jury would not award any damages. In this case, the jury found either that Sizemore and Coleman were not injured, or that they were injured but their injuries were not proximately caused by Patel's negligence. Thus, we cannot say that the verdicts were inconsistent as a matter of law.
Sizemore and Coleman also argue that the verdicts were against the weight and preponderance of the evidence and therefore they should have been granted a new trial. It is well settled that "jury verdicts are presumed to be correct, and no ground for granting a new trial will be more carefully scrutinized or more rigidly limited than that the verdict is contrary to the weight of the evidence." Delchamps, Inc. v.Larry, 613 So.2d 1235, 1239 (Ala. 1992).
In support of their argument, Sizemore and Coleman contend that the jury should have awarded at least minimal damages, because, they assert, they proved that they incurred at least some harm. The trial transcript reflects that the evidence regarding their alleged injuries was widely disputed. Coleman alleged that she suffered from neck and back pain as a result of the accident; however, her physical therapist did not testify as to whether her pain was caused by the accident. In addition, evidence was presented showing that Coleman originally claimed that she missed 40 days of work because of her injuries, when in actuality her employment position had been discontinued. She testified at trial that she missed work only on the day after the accident, and that she did not lose wages for that day.
Similarly, Sizemore claimed that she suffered back injuries as a result of the accident. The deposition of Dr. Jeffery Glenn Pirofsky, one of Sizemore's physicians, was read into evidence at trial. He testified that Sizemore suffered from a herniated disc, but that he could not say that this was caused by the automobile accident. He also testified that her disc herniation and alleged symptoms of burning and pain were atypical of automobile accident injuries. The testimony of Dr. John Phillip Featheringill, Sizemore's orthopedic surgeon, was also presented to the jury. He testified that he could find no medical reason for her complaints of back and neck pain, burning, and numbness, and *Page 175 
that he suspected her complaints might be related to the pending litigation. He also testified that in his opinion, her disc problem was not caused by the accident. In addition, evidence was presented showing that Sizemore had been treated for back problems before the accident occurred.
Sizemore and Coleman seem to contend that, at the very least, they should have been awarded some damages for being transported by ambulances to the emergency room where they were treated immediately after the accident. However, the evidence did not establish that the emergency treatment was reasonable and necessary. In fact, Patel testified that, immediately following the accident, Coleman walked around her car twice, examining it, and then got back in her car to telephone the police on her cellular telephone. As noted above, the plaintiffs' medical care providers could not testify that the plaintiffs sustained any injuries as a result of the accident. The jury must determine the necessity and reasonableness of medical expenses, and it is not obligated to compensate for medical expenses simply because they were incurred. Bennich v.Kroger Co., 686 So.2d 1256 (Ala.Civ.App. 1996). Therefore, we cannot say that the jury verdict was contrary to the weight of the evidence.
The trial court did not abuse its discretion in denying the motions for a new trial.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.