MONROE, Judge,
concurring specially.
I concur with the reversal of the judgment on the jury verdict. However, I write to distinguish this case from Sizemore v. Patel, 702 So.2d 172 (Ala.Civ.App.1997).
In both this case and Sizemore, the jury was not asked to make a finding as to liability. In both cases, the defendants admitted liability. However, the defendants did not admit that the plaintiffs were injured or that their negligence proximately caused the plaintiffs’ alleged injuries. Thus, the resolution of these two elements was properly left to the jury. Roberts v. Public Cemetery of Cullman, Inc., 569 So.2d 369, 371 (Ala.1990). In these cases, the jury has at least three options: (1) it can find for the plaintiffs and award damages accordingly; (2) it can find that the plaintiffs were not injured; or (3) it can find that the plaintiffs were injured but that their injuries were not proximately caused by the defendant’s negligence. Pacheco v. Paulson, 472 So.2d 980, 982 (Ala.1985). In Sizemore, the jury found either that the plaintiffs were not injured or that they were injured but their injuries were not proximately caused by the defendant’s negligence. This court affirmed the jury’s award of no damages in Sizemore. However, we cannot do the same in this case.
In Sizemore, the evidence was not undisputed. The evidence regarding the plaintiffs’’ alleged injuries was widely disputed. The evidence regarding loss of wages was disputed. However, in this case, it is undisputed that Chatman suffered property damage. The evidence re *750 garding her physical injuries was also largely undisputed.
Because there was undisputed evidence regarding property damage, this court cannot say that the jury could have found either that Chatman did not suffer damage, or that her damage was not proximately caused by Houston’s admitted negligence. Thus, the jury verdict was contrary to the undisputed evidence, which requires reversal.