YATES, Presiding Judge.
The plaintiff, Jerry A. Grimes, appeals from the trial court’s order denying his motion for a new trial. That motion had argued that the jury’s verdict, for the plaintiff, had awarded him inadequate damages.
A jury verdict is presumed to be correct and should not be set aside on the grounds of inadequacy of damages unless the amount awarded is so inadequate as to indicate passion, prejudice, or improper motive on the part of the jury. Shelby v. Phillips, 694 So.2d 30, 31 (Ala.Civ.App.1997). The assessment of damages is a matter largely within the discretion of the jury, and the jury’s assessment should be afforded a strong presumption of correctness. Sizemore v. Patel, 702 So.2d 172 (Ala.Civ.App.1997); Brannon v. Webster, 562 So.2d 1337 (Ala.Civ.App.1990). That presumption is strengthened by the trial court’s denial of a motion for a new trial. Smith v. Blankenship, 440 So.2d 1063 (Ala.1983); Sizemore, supra. Where liability is proven in a case in which the plaintiff claims a personal injury and seeks damages for pain and suffering, the verdict must include an amount at least as high as the uncontradicted special damages, plus an amount sufficient to compensate for pain and suffering. Williams v. Love, 681 So.2d 137 (Ala.Civ.App.1995). Where there is a dispute regarding the damage the plaintiff incurred, the determination of a damages award is exclusively within the discretion of the jury. Nemec v. Harris, 536 So.2d 93 (Ala.Civ.App.1988).
On December 8, 1998, Heidi M. Dodge drove her motor vehicle into the rear of an automobile driven by Grimes. Dodge testified that she was traveling 50 miles per hour at the time of the collision. Grimes and his wife sued Dodge, alleging negligence and wantonness. Grimes sought $440 for ambulance charges; $5,731 for hospital bills incurred on the day of the accident; $994.74 for lost wages, including overtime; $1,100 for spinal injections occurring on December 28, 1998 and January 28, 1999; $1,285 for rehabilitation therapy; $10,546 for the cost of a hospital stay occurring on January 29, 1999, following an allergic reaction to steroids; and an unspecified amount for pain and suffering. Grimes’s wife sought damages for loss of consortium. The parties stipulated that the hospital bills were reasonable. However, Dodge specifically stated:
“This is my objection, Your Honor. These are reasonable expenses from the hospital. But in terms of these expenses being directly related to the accident at hand that he’s claiming being a direct cause of this accident, I’m objecting to it on that basis there, Your Hon- or. These are emergency room bills. And his injuries he’s claiming are for his back, and some of these bills don’t have anything to do with his back.”
Following a trial, the jury awarded Grimes $1,494.74 in damages and awarded his wife $500; the wife does not appeal.
“A jury is not bound to award medical expenses merely because they were incurred. Brannon v. Webster, 562 So.2d 1337, 1339 (Ala.Civ.App.1990)(jury verdict of $907, when plaintiff proved special damages in excess of $100,000, upheld). The fact that a plaintiff’s *55 medical bills are admitted into evidence without objection does not necessarily mean that they are undisputed; it may be that the jury believed the plaintiff’s medical expenses were not incurred as a result of the defendant’s negligence. Id. See also Stricklin v. Skipper, 545 So.2d 55 (Ala.Civ.App.1988).”
Bennich v. Kroger Co., 686 So.2d 1256, 1257 (Ala.Civ.App.1996)(emphasis added).
Grimes argues that the jury should have awarded him at least $6,171 ($5,731 for hospital bills incurred on the day of the accident and $440 for ambulance charges) in special damages, as well as a reasonable amount for pain and suffering. He argues that “the reasonableness and necessity of these charges was not contradicted by evidence offered by the defendant.” The evidence regarding Grimes’s medical history and the damages he claimed at trial suggests these facts: In 1972, Grimes had had a laminectomy to remove a ruptured disc in his spine, following an injury that had occurred while he was working for United Parcel Service (“UPS”). One week after the surgery, he had a pulmonary embolism and was in intensive care for 19 days. Because Grimes had a history of pulmonary embolism, he was told that a spinal fusion should not be performed, and that he would have to live with his pain. Grimes testified that he has been in pain ever since the injury in 1972.
In 1976, Grimes had another injury requiring hospital treatment, while working for UPS, when he fell down some stairs and injured his head, his right arm, and his lower back. He suffered an acute lumbar strain in 1977 that required hospital treatment. In 1992, Grimes was injured when a tractor turned upside down on him. He also suffered other back problems at work, requiring at least one visit to the hospital. He had other health problems that required 10 hospital visits from January 1996 to September 1998; these problems included a heart attack in 1996.
Grimes was admitted to the emergency room on December 8, 1998, following the accident; the hospital records from that admission indicate that he was complaining of “lower back pain, vague chest pressure similar to the prior cardiac chest pain,” and the records state: “At that time no shortness of breath, nausea, vomiting, or dyspnea on exertion. No blunt chest injury. No exertional chest pain. And the chest pain was better at that time [of admittance].”
On January 12, 1999, less than a month after the accident, Grimes injured his back when he slipped off a forklift at work. We note that he incurred additional hospital bills following his fall from the forklift, bills that he attributes to the automobile accident. Also, he was admitted to the hospital on January 29, 1999, for an allergic reaction to steroids.
Dr. Steven Phillips, a chiropractor, testified by deposition that he treated Grimes in July 1999. He stated that Grimes did not tell him that he had fallen off a forklift a month after the accident. He also stated that he was unaware of some of Grimes’s earlier back injuries. On cross-examination, Dr. Phillips admitted that he could not say that Grimes’s injuries were related to the accident. He also testified that back injuries like Grimes’s could be caused by bending or by degenerative changes in the spine associated with aging.
Dr. Carol Johnson, Grimes’s primary-care physician, testified by deposition that she believed Grimes’s hospital bills were incurred as a proximate cause of the accident. However, she stated that it was possible that his back problems were aggravated by his work. Dr. Johnson admitted that medical problems other than Grimes’s back problems were the basis for some of his hospital admissions. When *56 asked whether the combined hospital bills of December 8, 1998, and January 29, 1999, were reasonable, Dr. Johnson responded:
“I can answer that. I think that the charges — and again, I have to qualify that in that I am not a cardiologist. I do not have an idea of how much they receive for given procedures that they do, because that is not what I do.”
“But I would say in the range of what I know them to be for the types of treatment that I’m aware of that he had, probably those charges are reasonable. And I will say that there is probably a good possibility that had he not had the accident, he might not have had some other things which led him going to the hospital [sic]. So indirectly, in that way, they could be related to his accident. And that would be my opinion.”
Medical bills are not recoverable unless they are sustained as a proximate cause of the defendant’s conduct. Sizemore, 702 So.2d 172. A jury may question the reasonableness and necessity of expenses and determine whether the claimed medical expenses were proximately caused by the defendant’s negligence. Vinzant v. Hughes, 579 So.2d 681, 683 (Ala.Civ.App.1991). Where medical expenses are admitted into evidence, the jury is free to conclude that some or all of the bills incurred either were unnecessary or were unrelated to treatment caused by the accident. Kite v. Word, 639 So.2d 1380 (Ala.Civ.App.1994).
It appears that the jury may have awarded damages to compensate for the ambulance charges and for lost wages, plus $60. Although this court cannot determine exactly how the jury reached its award, it appears that the verdict was inconsistent because the jury found the defendant liable and (possibly) awarded damages for an ambulance ride and for lost wages, and some amount for pain and suffering, but nothing for the hospital bill incurred on December 8, 1998. The jury having found for Grimes on the issue of Dodge’s liability, its verdict awarding Grimes damages “must include an amount at least as high as the uncontradicted special damages, as well as an amount sufficient to make any compensation for pain and suffering.” Nemec, 536 So.2d at 94 (emphasis omitted). We recognize that it was disputed as to whether the hospital bills incurred by Grimes after December 8, 1998, were proximately caused by the automobile accident. However, the fact that Grimes had had a back injury and a heart condition in the 1970s does not preclude him from recovering the cost of the December 8, 1998, hospital stay — given that Dodge testified that she was traveling 50 miles per hour when the rear-end collision occurred.
We reverse the judgment of the trial court and remand the case for a new trial.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur in the result.