YATES, Presiding Judge.
The plaintiffs, Ashley Romans and Jessica Foster, appeal from a judgment entered on a jury verdict in their favor, arguing that the trial court erred in denying their motion for a new trial, or, in the alternative, their motion for additur, based on what they allege is an inadequate and inconsistent jury verdict.
On June 6, 2000, Romans and Foster sued J.P. Mills, Inc., and Lois Wimberly, alleging assault and battery and malicious prosecution arising out of an altercation at a convenience store owned by J.P. Mills, Inc., and managed by Wimberly. Before the altercation, both Romans and Foster had been employed at the convenience store. The jury awarded Romans $875 in compensatory damages on her assault-and-battery claim against J.P. Mills and $875 in compensatory damages on her assault- and-battery claim against Wimberly. The jury awarded Foster $500 in compensatory damages on her assault-and-battery claim against J.P. Mills. The jury found in favor of both Romans and Foster on their claims of malicious prosecution, but it awarded no damages for those claims.
The evidence tended to show the following: Romans and Foster were employed at Uncle Joe’s Food Mart, which is owned by J.P. Mills. Wimberly terminated Foster’s employment in January 2000. Romans never returned to work after she failed to show up for her work shift in February 2000. Both Romans and Foster continued to frequent the store, although they were no longer employed there.
On March 3, 2000, Romans and Foster stopped at the store to retrieve a child-safety seat that was in an automobile owned by Romans’s sister. At that time, Romans’s sister was employed as an assistant manager of Uncle Joe’s Food Mart. An altercation arose between Romans and Wimberly over why Romans and Foster were at the store. After a verbal exchange, Wimberly shut an automobile door on Romans’s leg. According to Romans, she then got out of the car and Wimberly *1241 threatened her. Romans told Wimberly she did not want to fight. Wimberly then pushed Romans, and in response, Romans pulled Wimberly’s hair. Tracy Moore, an employee at the store, attempted to help Wimberly. At that point, Foster joined in the scuffle. Wimberly filed a complaint against Romans and Foster, alleging third-degree assault. The municipal court subsequently dismissed the charges.
Romans testified that her leg was bruised and that she felt pain and discomfort in that leg for approximately two weeks as a result of the automobile door having been shut on it. She did not seek medical attention for her injury, and she presented no evidence of any medical charges incurred as a result of her injury. Foster testified that she had been bitten on the face and that she had been scratched around her eyes and nose during the altercation. She did not seek any treatment for her injuries.
Romans and Foster argue that their compensatory-damages awards on their assault-and-battery claims were inadequate. A jury verdict is presumed to be correct and will not be set aside because the damages award is inadequate unless the amount awarded is so inadequate as to indicate that the verdict was the result of passion, prejudice, or other improper motive. Stricklin v. Skipper, 545 So.2d 55 (Ala.Civ.App.1988). Neither plaintiff sought medical attention; therefore, there were no damages to be awarded for medical expenses. There was no evidence presented indicating that either plaintiff suffered a long-term injury as a result of the altercation. There was no evidence indicating that either Romans or Foster incurred lost wages. Compare Lipham v. McElroy, 57 Ala.App. 96, 326 So.2d 290 (1976)(judgment on a jury award of nominal damages of $1 reversed where plaintiff sued defendant for assault and battery after being shot and proved medical expenses of $2,356.54, plus pain and suffering).
Although both Romans and Foster testified that they suffered pain and suffering as a result of the assault, the jury’s awards of $750 for Romans and $500 for Foster were not inadequate. Romans testified that she felt pain for approximately two weeks. Foster testified that the scratches to her face hurt and burned for a while. The assessment of damages is a matter largely in the jury’s discretion. Brown v. Foster, 636 So.2d 468 (Ala.Civ.App.1994). Where liability is proven, the verdict must include an amount at least as high as the uncontradicted special damages, as well as an amount sufficient to compensate the plaintiff for pain and suffering. Id. In Brown, the plaintiff argued that the jury verdict arising out of her automobile accident was inadequate because the award of $2,940 did not include any compensation for pain and suffering, where she had proven $2,630.50 in medical bills and $400 in lost wages. This court held that the verdict was not inadequate because the testimony had been disputed regarding the amount of her lost wages and, therefore, the damages award indicated that the jury may have awarded some smaller amount for pain and suffering. See also Shannon v. Miller, 644 So.2d 9 (Ala.Civ.App.1994)(in an action for injuries sustained in an automobile accident, a jury’s award of $1,204 for future damages was not inadequate where the plaintiff did not claim past medical expenses, her future medical expenses were contradicted, and it was possible that the some nominal amount had been awarded for her pain and suffering).
The plaintiffs also argue that the jury’s finding in their favor on their malicious-prosecution claims was inconsistent with the jury’s award of zero damages for *1242 those claims. In order to prove malicious prosecution, a plaintiff must show: (1) a judicial proceeding initiated by the defendant against the plaintiff; (2) without probable cause; (3) malice on the part of the defendant; (4) termination of the proceeding in favor of the plaintiff; and (5) damage. Delchamps, Inc. v. Morgan, 601 So.2d 442 (Ala.1992). A finding of damage or injury is a prerequisite to a verdict in the plaintiffs favor. To find in favor of the plaintiff and then to award no damages is, as a matter of law, inconsistent, on its face. Ward v. Diebold, Inc., 486 So.2d 1261 (Ala.1986). Alabama appellate courts have not sanctioned other instances of inconsistent verdicts. See Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980)(award of zero damages in negligence and wantonness action reversed for a new trial); Downs v. Goodwin, 827 So.2d 122 (Ala.Civ.App.2002)(zero-damages award for plaintiff arising out of automobile accident was inconsistent and required new trial); Monteleone v. Trail Pontiac, Inc., 395 So.2d 1003 (Ala.Civ.App.1980)(zero-damages award for plaintiff in fraud action was inconsistent and required a new trial).
Finally, the plaintiffs argue that the use of an additur allows the trial court another remedy, instead of granting a new trial, when a jury’s award is inadequate. “Where damages are determined to be inadequate, the court may, in lieu of a new trial and with the consent of the defendant, increase the damages, where the amount to be added is certain.” City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998), citing Norman v. Baldwin County, 652 So.2d 1145 (Ala.1994). Here, there is nothing in the record to reflect that the defendants agreed to an additur. Also, both plaintiffs sought damages for mental anguish and loss of reputation, among other things. Where the amount of damages is certain, the trial court may increase an inadequate award. However, when there is no fixed and exact standard upon which to base the amount of damages to be awarded, the damages assessment must be left to the trier of facts. Pierce v. Strickland Paper Co., 653 So.2d 306 (Ala.Civ.App.1994)(trial court had the authority to increase the damages awards that were subject to a fixed standard, such as medical expenses, although it lacked the authority to increase the damages awards that were for uncertain damage, such as pain and suffering).
We affirm the judgment insofar as it relates to the plaintiffs’ claims of assault and battery. However, we reverse the judgment and remand for a new trial insofar as it relates to their malicious-prosecution claims.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON and PITTMAN, JJ., concur.