[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2010
JOHN LEY
CLERK

_____

No. 10-11387
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cv-00508-CG-B


STEPHANIE MCREVY,
SAMANTHA MULKEY,

                                              Plaintiffs-Appellants,

                        versus

STEPHEN BLAKE RYAN,

                                              Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 14, 2010)

Before BLACK, WILSON and HILL, Circuit Judges.

PER CURIAM:

Stephanie McRevy and Samantha Mulkey appeal the denial of their motion for a new trial and alternative motion for additur, claiming that the jury's damage award in this case was either inconsistent with the evidence or inadequate under Alabama law. After a careful review of the record in this case and the briefs filed on appeal, we conclude that the district court's denial of these motions was without reversible error.

After a trial on appellants' negligence claim against the defendant, the jury returned a general verdict in favor of appellants and awarded each of them damages in the amount of $5,000. Appellants assert that these awards were entirely disproportionate to their injury, relying on a case that holds that the amount of damages must be at least as high as the uncontradicted special damages, as well as an amount sufficient to make any compensation for pain and suffering. *See Brown v. Foster*, 636 So. 2d 468, 469 (Ala. Civ. App. 1994).

In denying appellants' post-trial motions, however, the district court held that the evidence at trial as to the extent of appellants injuries and the amount of their damages was conflicting. Therefore, he concluded that the amount of special damages was not "uncontradicted." Our review of the record supports this conclusion. The opinion testimony of plaintiffs' witnesses as to special damages

including the extent of their injuries, causation of their medical conditions, and other claims was vigorously questioned on cross-examination.  The jury was not required to credit all that was opined.

Accordingly, the *Brown* case is inapposite and the district court's conclusion that the motions for new trial or for additur should be denied was not error.  *See Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir. 1976).

Accordingly, the denial of the motions for new trial or for additur is AFFIRMED.